WELLS *v.* McCANLESS

(*Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

Ely & Ely, of Knoxville, for plaintiff in error.

Harry Phillips, Assistant Attorney General, for defendant in error.

Mr. Special Justice Paul Campbell delivered the opinion of the Court.*

In this case an automobile belonging to the petitioner Wells was seized on a charge of use in transporting unstamped liquors for the purpose of gift, sale and/or distribution. The car was condemned by the Commissioner of Finance and Taxation after hearing and the petitioner Wells appealed to the Circuit Court of Davidson County, where the action of the Commissioner was affirmed. The petitioner has appealed to this Court.

The assignment of error in this case is that the Commissioner and the Circuit Judge of Davidson County erred in overruling the contention of the appellant and his motion to the effect that the seizure be declared void and the automobile released because the statute authorizing the seizure was not complied with; that the seizure was consequently void and that the automobile should have been released to the appellant and the costs charged against the Commissioner.

Stated briefly, the appellant contends, and it is admitted by the Commissioner, that the Commissioner did

---

*Sitting for Mr. Justice Chambliss.

not comply with the conditions laid down in the statute applicable in this kind of a confiscation proceedings; that therefore the confiscation has not been accomplished and the appellant is entitled to recover his automobile. The Commissioner's contention is that although these conditions of the statute were not complied with, they were merely directory, not mandatory, and that the confiscation has been accomplished, and all that remains for him to do is to advertise and sell the property as directed by the statute.

The original statute providing for the confiscation of vehicles used for transportation of unstamped alcoholic beverages was Chapter 49 of the Acts of 1939, which provided, in section 19, that the vehicle would be "Subject to confiscation and sale in the same manner as above provided." Thereafter there followed some provisions as to the duties of the officer making the seizure in preparing a list, making an appraisal etc. Later there was enacted Chapter 119 of the Acts of 1941. In Sections 1 and 2 covering the matter of confiscation of vehicles used in transporting unstamped liquors, it is provided, in Section 1, that such vehicles shall be "Subject to confiscation and sale in the manner herein provided." In Section 2 it is provided:

"That in all cases of seizure of any alcoholic beverages or other property subject to forfeiture under the provisions of this Act, the officer or other person making the seizure shall proceed as follows:

"First: He shall prepare a list containing a description of the . . . property so seized, shall appraise the value of same . . . and shall deliver to the person . . . found in possession . . . a receipt, showing . . . seizure, from whom seized, the place of seizure, a description . . ., and the appraised value. A

copy of said receipt shall be posted at the place of seizure and a copy shall be filed in the office of the Department, and shall be open to public inspection.''

It is then provided in paragraphs ''Second'' and ''Third'' that the Commissioner shall advertise in the way provided and that any person claiming the property may request a hearing, *etc.*

It is shown in the record that after this property was seized, no receipt whatever was given to the appellant, from whom the automobile was taken, and no appraisal was made. The only receipt was one given to the Police Department of the City of Knoxville showing the seizure of this particular car. That receipt did not show any appraisal, from whom the car was taken, where it was seized or any of the other requirements, except the description of the car itself.

■ Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law.

In Chapter 119 of the Acts of 1941, the provision is that a vehicle shall be subject to confiscation and sale and that ''In the manner herein provided.'' It then states that the officer making the seizure ''Shall proceed as follows: . . .''

The Legislature did not provide that forfeiture or confiscation should be automatically accomplished, nor that it should necessarily take place at all. The Act provides that the property confiscated shall be subject to forfeiture, ''In the manner herein provided.'' The manner provided was not followed. The conditions under which the forfeiture might have been accomplished did not occur.

Since confiscation proceedings may be taken only in pursuance of the law of the land, that law must be followed. 30 Amer. Jr., p. 550, sec. 569; 33 C. J., p. 684, Sec. 387. See also 48 C J. S., Intoxicating Liquors, Sec. 397.

■ Forfeitures are not favored. *May Co.* v. *Anderson*, 156 Tenn. 216, 300 S. W. 12; 37 C. J. S., Forfeitures, sec. 4, subsec. b, p. 8; 23 Amer. Jr., p. 601, Sec. 5.

■ Forfeiture statutes are to be strictly construed. 23 Amer. Jr., p. 601, Sec. 5; 37 C. J. S., Forfeiture, Sec. 4, p. 8.

In *United States* v. *One 1936 Model Ford V-8*, 307 U. S. 219, 59 S. Ct. 861, 865, 83 L. Ed. 1249, the Supreme Court of the United States said: "Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law."

In *United States* v. *Hydes* (D. C.), 267 F. 470, 471, the Court said:

"The forfeiture demanded is a proceeding *in rem* under the procedure provided by the National Prohibition Act, and such procedure must be complied with in order to divest the owner of his title. . . . This statute gives a new power, a power to divest title from the owner of property, and the statute provides means of enforcing such power, which is controlling.

". . . Forfeiture by original seizure depends upon the statute. Congress may declare the forfeiture absolute upon seizure, or make the forfeiture depend upon conditions."

■ As stated above, the Act provides that the property shall be subject to forfeiture, not that it is automatically forfeited or confiscated. It lays down certain procedure to be followed. This procedure constitutes the conditions under which the confiscation is accomplished.

In other words, the proeeding is conditioned upon compliance with the conditions prescribed. Admittedly these conditions have not been complied with. Consequently no forfeiture or confiscation has occurred.

We think that the Legislature meant to prescribe conditions under which and under which alone the confiscation could be accomplished, and that such provisions are not mere idle suggestions to be disregarded at will by the officers of the State.

In view of the failure to observe the conditions under which confiscation might be accomplished, the confiscation has not occurred and the title in the automobile remains in the petitioner.

The action of the Commissioner and Circuit Judge are reversed and the claim of the petitioner Wells is sustained. The costs of the proceeding are adjudged against the Commissioner of Finance and Taxation.