Brooks *v.* McCoy *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

ELY & ELY, of Knoxville, for plaintiff in error.

ALLEN M. ELLIOTT, of Knoxville, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Brooks instituted this suit to replevy an automobile from the defendants, McCoy and Cobb. He alleged that he was the owner of this automobile and entitled to its possession. The Chancellor allowed this appeal by the defendants, McCoy and Cobb, from his decree overruling their demurrer. The allegations of the bill are the facts, therefore, for the purposes of this appeal, which should be styled in the reverse of that appearing in the caption, since McCoy and Cobb are the appellants.

An officer of Jefferson County physically took possession of Brooks' automobile "under the pretense that (Brooks) was hauling untaxpaid whiskey in" it. This officer turned that automobile over to the Tennessee Department of Finance and Taxation as contraband property on that theory. Brooks seasonably filed with the

Commissioner of Finance and Taxation a written claim to the automobile, and therein requested a hearing. The Commissioner sold the automobile to McCoy without giving Brooks a hearing.

When Brooks approached McCoy about the automobile, McCoy told him that he had sold it to a man named Cobb with whom he said he was not acquainted although Cobb was his employee. The two kept the automobile concealed until McCoy, a resident of Knox County, procured Union County license plates for the operation of this automobile on the public roads.

The first ground of defendant's demurrer was that this replevin suit could not be sustained because the statute authorizing the confiscation of vehicles used for the transportation of unstamped liquors provided that the remedies afforded the owner of such vehicles by the statute should be exclusive. The second ground of the demurrer was that the replevin suit was an attempt to collaterally attack the judgment of the Commissioner of Finance and Taxation. It asserted that such an attack is not permissible.

The Chancellor overruled the demurrer because the bill alleged that the State Commissioner of Finance and Taxation "had failed to give the complainant a hearing as prescribed by the" statute under which he purported to sell the automobile.

The assignments of error are the two aforestated insistences made by the demurrer.

Our statute authorizes the Commissioner to confiscate an automobile that is used for the transportation of unstamped alcoholic beverages, Section 6648.26 et seq. of Williams' Code Supplement. This statute provides the procedure to be followed. It also provides that any per-

son who claims to be the owner of the car seized as contraband may file with the Commissioner of Finance and Taxation a claim to it and request a hearing. Thereupon it becomes the duty of the Commissioner to set a date for hearing within ten days.

*Wells* v. *McCanless,* 184 Tenn. 293, 198 S. W. (2d) 641, 642 involved the confiscation of an automobile by the Commissioner on the ground that it was used for the transportation of unstamped whiskey, just as in this case. The Commissioner admitted in that case that he ''did not comply with the conditions laid down in the statute applicable in this kind of a confiscation proceedings''. After a thorough discussion of the law which governs such proceedings this Court held the confiscation void, saying:

''We think that the Legislature meant to prescribe conditions under which and under which alone the confiscation could be accomplished, and that such provisions are not mere idle suggestions to be disregarded at will by the officers of the State.

''In view of the failure to observe the conditions under which confiscation might be accomplished, the confiscation has not occurred and the title in the automobile remains in the petitioner.'' 184 Tenn. at page 298, 198 S. W. (2d) at page 643.

In the case at bar the Commissioner did not comply with the conditions under which alone the confiscation of Brooks' automobile could be accomplished in that he denied Brooks the hearing to which he was entitled prior to a sale by the very terms of the statute under which alone the Commissioner had any authority to sell that automobile. It follows, of course, under the authority of *Wells* v. *McCanless,* supra, that the confiscation of

that automobile has not occurred and title thereto remains in Brooks.

It is insisted, however, that Brooks cannot regain possession of his property from a third party who is illegally possessing it because the confiscation statute provides that the sole remedy of any claimant shall be by the procedure set out in the statute. That procedure is (1) a hearing of the petition of claimant by the Commissioner, and (2) a review by the Circuit Court of the action of the Commissioner on that hearing by means of the common law writ of certiorari. This statute provides that the property in controversy ''shall not be sold pending such review, but shall be stored by the department of finance and taxation until the final disposition of said case''. Williams' Code Supplement, Section 6648.28.

Inasmuch as the Commissioner has illegally delivered possession of this automobile to McCoy the procedure provided by this confiscation statute affords no remedy whatever to Brooks for the recovery of the automobile wrongfully being withheld from him. To sustain that insistence in the plight of this case would amount to nothing less than a denial to Brooks of any remedy for the wrong done him.

The sole remedy provision of the statute necessarily contemplated only those cases in which the Commissioner retained possession of the property while his right to confiscation was being litigated. Otherwise, this provision of the statute is not only meaningless but also totally impotent in that the Commissioner by illegally selling and divesting himself of possession without a hearing contrary to the commands of the statute that he retain possession can always entirely defeat the owner's claim without regard to its merits.

This sole remedy procedure set out in the Act was considered in *Casone* v. *State,* 176 Tenn. 279, 285, 140 S. W. (2d) 1081, 1083, and it was there said that:

"Plainly this prohibition against interference by the courts relates to cases where the Commissioner has seized the liquors or the vehicle. No court is to interfere with his jurisdiction in such cases—that jurisdiction having attached."

When the Commissioner illegally surrenders possession while the cause is pending a hearing on a claimant's petition it necessarily follows that a replevin suit by the owner of the car against a third person illegally in possession is not an interference with the jurisdiction of the Commissioner. He surrendered jurisdiction by surrendering possession before confiscation was complete.

For the reasons stated, this Court is of the opinion that the exclusive remedy provisions of the statute are not applicable to the facts of this case, and that under those facts Brooks may properly maintain this replevin suit.

It is also insisted that the replevin suit is a collateral attack upon the judgment of the Commissioner and that such an attack cannot be made. In support of that insistence reference is made to some of the decisions wherein there is stated or re-stated the rule governing collateral attack upon judgments or decrees of Courts of general jurisdiction. The fallacy of this insistence is in the assumption that the Department of Finance and Taxation is a Court. Probably counsel have fallen into this error by reason of the fact that the Commissioner of that Department exercises some quasi-judicial functions, but this Department is an administrative board only and its commissioner is an administrative official. The exercise of some quasi-judicial functions by him does not

make his Department a Court of any kind. Compare *In re Cumberland Power Company,* 147 Tenn. 504, 249 S. W. 818.

The decree of the Chancellor will be affirmed, with costs adjudged against appellants and their sureties. The cause will be remanded for further proceedings.

All concur.