RANGE PONTIAC SALES CO. *et al. v.* DICKINSON.

(*Nashville*, December Term, 1952.)

Opinion filed April 25, 1953.

On Petition to Rehear June 5, 1953.

Shull & Wall, of Elizabethton, E. Ray Hauk, of Kingsport, and White, Gullett, Farrell & Phillips, of Nashville, for plaintiff in error.

Henry C. Foutch, Assistant Attorney General, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Range Pontiac Sales Company sold one Ed Ayers an automobile. In part payment Ayers executed a note of

$1,410, and title to this automobile was retained to secure payment of this note. The Sales Company at once sold this note to the Citizens Bank of Elizabethton, endorsing it with recourse. Neither the Sales Company nor the Bank had any information at this time that Ayers had a reputation (if he did have) of being a violator of the Federal or State intoxicating liquor laws.

Three weeks after the aforesaid transaction, Ayers was transporting a quantity of moonshine whiskey in this automobile, and while so doing was apprehended by the sheriff of Carter County. The whiskey was, of course, unstamped. The sheriff took possession of this automobile and promptly turned it over to the Federal Alcohol Tax Unit. Sixty-four days thereafter, the federal grand jury having failed to indict, this federal bureau delivered this automobile to the Tennessee Commissioner of Finance and Taxation. That official at once proceeded to advertise this car for sale as a vehicle confiscated by reason of the fact that it had been used to transport unstamped alcoholic beverages, Section 6648.25 of the Code Supplement.

In the meantime, Ayers had defaulted in the payment of his note. Therefore, as between Ayers, on the one hand, and, on the other hand, the Sales Company and the Bank, the latter two became entitled to possession of the automobile for the purpose of sale for satisfaction of this note in accordance with the provisions of the Conditional Sales Law.

In this situation, and during the course of the aforesaid advertisement, the Sales Company and the Bank, acting under the authority of Section 6648.25 of the Code Supplement, filed their petition with the State Commissioner of Finance and Taxation for an order releasing to them this automobile. The Commissioner, after a

hearing, denied the petition on the ground that neither of petitioners had made inquiry of the proper law enforcement officers at the time of the transaction with Ayers as to whether Ayers had a reputation for violating the State and Federal laws with reference to intoxicating liquors, Code Section 6648.25. Accordingly, the Commissioner ordered that this automobile be sold and the proceeds thereof "turned over to the Department of Finance and Taxation as required by law".

The Sales Company and the Bank filed their petition for certiorari, Code Section 6648.26. The Circuit Court agreed with the Commissioner and, therefore, "affirmed and sustained" the order of the Commissioner "in all respects". The case is here on the appeal in error of the Sales Company and the Bank.

In considering what we regard as the controlling question in this case it will be assumed that Ayers had a reputation for violating the State and Federal laws with reference to intoxicating liquors at the time of the transaction with the Sales Company and the Bank. It will be further assumed, and it is an undisputed fact, that neither of the plaintiffs in error made inquiry of the proper State or Federal officials as to whether Ayers did have such a reputation at the time of this transaction. Based upon these assumptions the Commissioner was authorized by Section 6648.25 to deny the petition of the Sales Company and of the Bank for an order directing that they be given possession of the automobile, *provided* the statute, under the facts of this case, empowered the Commissioner to sell this automobile as a confiscated vehicle. On the other hand if, under the facts of this case, the statute did not empower the Commissioner to so confiscate this automobile, then, the Commissioner is not entitled to its possession, and should have entered an order directing that its

possession be turned over to these plaintiffs in error in accordance with their rights under the title retained purchase money note. The controlling question, therefore, is whether the Commissioner was empowered under the facts of this case to sell this automobile as a confiscated vehicle.

Section 6648.24, Code Supplement, provides that automobiles transporting unstamped alcoholic beverages "may be seized by the commissioner of finance and taxation or any duly authorized representative, agent or employee of the department, or sheriff, deputies sheriff, or constables of any such county, *and said goods shall be delivered to the department of finance and taxation* for sale at public auction to the highest bidder after due advertisement". (Emphasis supplied.) The official who seizes the automobile must at that time give the person found in possession thereof a receipt and file a copy thereof in the Department of Finance and Taxation, if the seizure be for confiscation under our aforesaid statute. The Commissioner of that department must within five days advertise the property for sale, and sell pursuant to said advertisement unless there intervenes a petition for an award of possession by a claimant of some interest in the property.

The confiscation statute carried in the code sections mentioned is primarily a revenue statute enacted for the purpose of aiding the Tennessee Department of Finance and Taxation in the collection of intoxicating liquor taxes. *Casone* v. *State,* 176 Tenn. 279, 283, 140 S. W. (2d) 1081. Apparently, the sheriff, however, in seizing this automobile, was not acting as a representative of the State Department of Finance and Taxation. This is manifested by the fact that the sheriff, after taking possession of this automobile, instead of delivering

it to the Tennessee Department of Finance and Taxation, as expressly required by this statute if proceding thereunder, turned it over to an alcoholic tax unit of the federal government for disposition in accordance with federal law. Whatever his purpose may have been in so acting, the sheriff did not comply with this requirement of this confiscation statute.

■ In *Wells* v. *McCanless*, 184 Tenn. 293, 198 S. W. (2d) 641, 643, this Court considered the extent of the authority of the Commissioner of Finance and Taxation to confiscate an automobile which had been used for the transportation of unstamped intoxicating liquors, Code Section 6648.24 et seq. It was held that this statute "lays down certain procedure to be followed"; that "this procedure constitutes the conditions under which the confiscation is accomplished", and that when there is a "failure to observe the conditions under which confiscation might be accomplished, the confiscation has not occurred and the title in the automobile remains in" those having such title at the time of seizure by the sheriff or other officer. This rule of general application is a result of the general legal principle that "forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *Wells* v. *McCanless*, supra.

In the case at bar there was a failure in the respect above mentioned to observe the conditions under which confiscation might be accomplished. Hence, under the holding of *Wells* v. *McCanless*, supra, as well as on the aforementioned rule of general application, there was no confiscation in this case. That being the situation, the Department of Finance and Taxation could not legally withhold from Range Pontiac Sales Company and Citizens Bank of Elizabethton the possession to

which they were otherwise entitled by reason of the title retained note of which they were the holders and owners.

The judgment of the Circuit Court will be reversed. An order will be entered awarding possession of this automobile to the plaintiffs in error. All costs will be adjudged against the Commissioner of Finance and Taxation.

## On Petition to Rehear.

This Court held that the State Commissioner of Finance and Taxation was without authority to withhold possession of the automobile in question from the conditional vendor or mortgagee because there had been a failure by State officials to comply with the requirements of the confiscation statute under which the Commissioner was proceeding. In so deciding, this Court assumed that the persons holding such liens had not made inquiry of the proper State or Federal officials with reference to the bootleg reputation of Ayers at the time the car was sold to him. That is the requirement of Code Section 6648.25 of the Code Supplement as to such conditional vendors or mortgagees as a condition precedent to relief when the State has confiscated such automobile for transporting therein unstamped liquor. Accordingly, the State Commissioner has filed a petition to rehear and therein makes this statement:

"Failure to require the Plaintiffs in Error to comply with the statute, simply defeats the entire purpose of said statute. It certainly seems that this Court has traversed a far field to overlook such a necessary requirement, and permit the Plaintiffs in Error to take advantage of some technicality when *they themselves have not complied with the*

*law.* Definitely, this should not be considered as an equity matter.''

This Court did not consider equities. Its decision was rested solely upon the absence of authority in the Commissioner under the facts of this case.

The Commissioner's authority to withhold possession of this car from those otherwise entitled to such possession depends upon his authority to confiscate this automobile. If he is without such authority under the facts of the instant case, then he has no legal right to withhold its possession from this conditional vendor or mortgagee. This is clearly true.

■ This Court is definitely committed to the proposition that the Commissioner is without authority to confiscate automobiles transporting unstamped liquor except under the conditions laid down by the confiscation statute. If there is a ''failure to observe the conditions under which confiscation might be accomplished, the confiscation has not occurred * * *.'' *Wells* v. *McCanless,* 184 Tenn. 293, 298, 198 S. W. (2d) 641, 643. It may be added that the great weight of authority seems to support this proposition.

The conditions required by this statute were not observed. That statute, Section 6648.25, Code Supplement provides:

''In all cases of seizure of any alcoholic beverages or other property subject to forfeiture under the provisions hereof, the officer or other person making the seizure shall proceed as follows:

''First: He shall deliver to the person, if any, found in possession of such property, a receipt, showing a general description of the seized goods. A copy of said receipt shall be filed in the office of the

department of finance and taxation and shall be open to the public for inspection.

"Second: The commissioner or any representative of the department shall, within five days, advertise the said alcoholic beverages and other property so seized for sale for cash to the highest bidder * * *."

When the sheriff seized the automobile involved in this case he did not deliver a receipt to the person found in possession and, of course, therefore, no copy thereof to the department of finance and taxation. Nor did the Commissioner of Finance and Taxation, or any representative of his Department, proceed, within five days after such seizure, to advertise said property for sale as confiscated property. To the contrary, the Sheriff, for some reason not disclosed, elected to turn this automobile over to the Federal Government where it was held for sixty-four days in an effort to procure an indictment in Federal Court. Failing in this, the Federal Government turned it over to the State Commissioner.

It has to follow from that immediately hereinabove stated that (1) in the seizure of this automobile the sheriff was not acting as an agent of the Commissioner of Finance and Taxation, and (2) there was no compliance with the requirements of Code Section 6648.25 above quoted. Under these conditions, the decision of *Wells* v. *McCanless*, as well as principle, absolutely required the conclusion which this Court reached.

*Dolen* v. *State*, 181 Tenn. 31, 178 S. W. (2d) 387, and *McQueen* v. *McCanless, Commissioner*, 182 Tenn. 453, 187 S. W. (2d) 630, are referred to as decisions supporting the position of the Commissioner. In each of those cases there had been a compliance by the Commissioner with the conditions required by this confiscation statute.

The petition to rehear refers to *United States* v. *National Discount Corp.,* 7 Cir., 104 F. (2d) 611, 613, 124 A. L. R 283, 286-287, which contains the following statement:

"We think it is clear that under this section of the statute the court has no discretionary power to omit or mitigate the forfeiture in such cases, until it is proved that the claimant made such inquiry as to the owner's record and reputation, of some one or more of the officers named in clause (3)".

The Court was referring to situations wherein there was a compliance by the officials with the requirements of the confiscation statute; hence, a power to confiscate. Such power being present there was an absence of authority in the Court "to omit or mitigate the forfeiture" in favor of claimants who had not inquired as to the reputation, etc., of the purchaser of the automobile.

Obviously, the above stated situation does not exist in the instant case where the officials have not complied with the requirements of the confiscation statute. Hence, the power to confiscate is absent. Such power being absent, the withholding of possession from the conditional vendor or mortgagee is unlawful.

By separate motions, plaintiffs in error have moved that (1) the judgment entered on the Court's opinion be corrected by revoking the judgment's direction that the cause be remanded, and (2) the storage expense of the automobile incurred pending this litigation be taxed to the State. We see no necessity for either order.

It was quite proper for the minutes of this Court to supply the obvious inadvertent omission of a direction in the opinion that the cause be remanded for the entry of judgment and further appropriate proceedings in the Circuit Court in keeping with the opinion.

■ The question made by the second motion would arise only if the Commissioner failed to comply with the order awarding possession. There is no justification for presupposing that such a situation will arise. The supposition is to the contrary.

The motions filed by the plaintiffs in error and the petition to rehear will be denied.