304

B. J. BOYD, Commissioner of Revenue,

*v.*

JOHN H. CHRISTY.

*(Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Henry C. Foutch, Assistant Attorney General, for B. J. Boyd, Commissioner.

Jack Norman, Nashville, for John H. Christy.

MR. JUSTICE FELTS delivered the opinion of the Court.

An agent of the State Alcohol Tax Division seized an automobile of John H. Christy on the charge it was being used in ''transporting or storing'' alcoholic beverages on which no state tax had been paid; and the Division Director notified him his car was confiscated, pursuant to the statute (T.C.A. sec. 57-622 et seq.).

Christy filed a petition before the Commissioner of Revenue, denying the car was being used as charged, and seeking its return. The petition was denied by the officer hearing the matter for the Commissioner. Christy filed a petition in the Circuit Court of Davidson County for the writ of certiorari to review and reverse the order of confiscation.

The matter was heard before the Circuit Judge upon the petition, Commissioner's answer thereto, and the record of the evidence adduced before the hearing officer. Upon that record the Circuit Court held there was no evidence to warrant the seizure of the car and the order of confiscation was void; and the court ordered the car returned to Christy.

From that judgment, the Commissioner appealed in error and insists that the Circuit Court erred in refusing to sustain the order of seizure and confiscation of the car; in holding that there was no evidence to warrant such order and it was void; and in ordering the car returned to defendant-in-error Christy.

The facts are not in dispute, the only evidence being the testimony of the agent who seized the car. It appears that defendant-in-error Christy lived in a rural community near Primm Springs, in Williamson County. On the premises occupied by him and his wife and children were their dwelling house, garage, and outhouses. He owned a motor truck described as a "green stake bed truck" and a new 1958 2-door Mercury sedan automobile.

The agent, on information from an informer, made an affidavit before a General Sessions Judge and obtained a warrant to search Christy's premises. The warrant was issued on the night of September 10, 1958, and the search made early next morning by the agent, accompanied by the Sheriff and two members of the Highway Patrol; and nine 50-gallon barrels of moonshine whiskey were found in Christy's garage.

Located about 50 feet from his garage was his dwelling house, in which he and his family lived and had their household goods, wearing apparel, and other articles of personalty. Parked outside the garage and in the driveway some 20 or 30 feet from the garage was his Mercury automobile; and also parked outside the garage, and a short distance from it, was his truck.

The officers searched his dwelling house, outhouses, his Mercury automobile, and his truck, but the search of these places revealed no whiskey and no sign of any whiskey. The only place where any whiskey was found was the garage which was locked and in which the nine barrels were found. The agent seized the whiskey, the truck, and the automobile. It appears that the truck has been confiscated and no question is raised about it.

The agent gave Christy a receipt stating the car was seized "on account of *transporting or storing in said vehicle* alcoholic beverages" on which no state tax had been paid; and the Alcohol Tax Division Director notified him by letter that *"for transporting"* such beverages the car was *"confiscated,"* pursuant to the statute (T.C.A. sec. 57-622 et seq. (italics ours)).

A bill of sale to him by a local dealer, showing he had recently bought and paid for the car, was found in the glove compartment by the agent and put in evidence. So, as owner, he was entitled to the car unless the state had a right to take and confiscate it; and the burden was upon the state, asserting such right, to prove it.

"In a proceeding for the forfeiture, condemnation, or confiscation of contraband liquor, or of property alleged to have been used in illegal manufacture, transportation, or sale of liquor, under conditions subjecting it to forfeiture, *the state has the burden of proving affirmative allegations upon which the right to forfeiture exists * * "* (italics ours). 30 Am.Jur., Intoxicating Liquors, sec. 499, page 810.

In a proceeding, under our statute, to forfeit or confiscate a vehicle because it is used for transporting or storing intoxicating liquors in violation of law, our cases hold that the conditions of the statute must be strictly complied with in order to justify such forfeiture or confiscation. *Wells v. McCanless,* 184 Tenn. 293, 198 S.W.2d 641; *Brooks v. McCoy,* 192 Tenn. 586, 241 S.W.2d 579; *Range Pontiac Sales Co. v. Dickinson,* 195 Tenn. 228, 258 S.W.2d 770.

"A vehicle may not be condemned for use in transporting liquors merely because there is a future purpose so to use it, or because of such illegal use in the past; a present violation of the liquor laws is contemplated" (citing a number of cases). 30 Am.Jur., Intoxicating Liquors, sec. 480, p. 799.

■ It is true that under statutes similar to ours, providing for confiscation of automobiles for unlawfully transporting intoxicating liquors, such an automobile need not be found to be actually moving in order to convict it of violating the statute; but there must be facts showing its present use in such transportation, such as its being loaded or unloaded, or found with liquor in it *(Boyd v. General Motors Acceptance Corp.,* 205 Tenn. 658, 330 S.W.2d 13, 16). Cases cited in the Annotation, 61 A.L.R. 1002.

■ But there was no such showing in the case before us; nothing to show the car was being used in transporting or storing intoxicating liquors or used in any manner in connection therewith. Indeed, the only whiskey found was in the locked garage in *barrels* which could not possibly be hauled or stored in this car. So, we concur in the Trial Judge's conclusion that there was no evidence to justify a seizure and confiscation of the car.

No effort is now made to sustain the confiscation upon the charge on which the car was seized: that it was being used in "transporting or storing" unstamped alcoholic beverages. It is now sought to justify the seizure and confiscation upon another and different ground: that the car was found at a place of storage of such alcoholic beverages, and was, therefore, subject to confiscation

under the statute. We quote the pertinent parts of the statute.

"Any vehicle, aircraft or boat not a common carrier which may be used for transportation or storage, either in wet or dry counties, for the purpose of distribution, gift or sale of unstamped alcoholic beverages shall likewise be subject to confiscation and sale in the manner herein provided. Provided, that should any unstamped alcoholic beverage be found in any vehicle, aircraft or boat, same shall be prima facie evidence that it was there for gift, sale or distribution.

"Vehicles and any other articles of personal property which may be found at a still, still site, or place of storage, which still, still site and place of storage is being used by persons known or unknown who have failed to procure a state liquor license, or have failed to affix state revenue stamps in the proper amount as provided by secs. 57-131—57-133, are declared to be contraband goods and shall likewise be subject to confiscation and sale in the manner herein provided, however, that before any vehicle declared to be contraband, under the provisions of secs. 57-622—57-627 shall be sold as provided herein, a copy of notice of seizure shall be sent by registered mail to the owner and lienholder as of record in the motor vehicle division of the department of revenue." T.C.A., 1959 Supplement, sec. 57-622.

Taking the broad language in the second paragraph above, plaintiff-in-error argues that: *"Vehicles and any other articles of personal property"* found "at a still, still site, or *place* of storage," which is being used by a person without a license or stamps, are "declared to be

contraband'' and ''subject to confiscation''; and that since this car was found at a place of storage of such liquor, it was properly confiscated even though there was no proof that it was being in anywise used in connection with such storage.

■ That, is, plaintiff-in-error contends that the statute is to be so broadly construed that any ''vehicles and other articles of personal property,'' which may be found at a place of storage of illicit liquor, are to be confiscated merely because they are found at such place or premises, and without any proof that such vehicle or article was being used in connection with any violation of the law.

Under such a broad construction of the statute, the agent, who seized the car, could just as well have seized all of the other articles of personalty in defendant's-in-error dwelling house, including his household goods, furniture and wearing apparel of himself and his wife and children.

We think this statute is not to be so broadly construed; that its second paragraph is to be read and taken with the first; that when so taken the intent of the statute, which is a tax measure, is to make vehicles and other articles of personalty subject to confiscation only where they are found at a still, still site, or place of illegal storage of liquor under circumstances showing they are being used in furtherance of such illegal operation.

■ It is well settled that statutes providing for forfeitures and confiscation are to be strictly construed; and they must be strictly complied with in order to justify such forfeiture or confiscation. *Wells v. McCanless,*

supra; *Brooks v. McCoy,* supra; *Range Pontiac Sales Co.
v. Dickinson,* supra.

For these reasons, the judgment of the Circuit Court
is affirmed and this case will be remanded to that Court
for further proceedings not inconsistent with this opin-
ion. The costs are adjudged against plaintiff-in-error
Commissioner.