ALFRED T. MACFARLAND, Commissioner of Revenue
State of Tennessee

*v.*

JERRY WOFFORD, b/n/f Mary Fay Wofford.

364 S. W. 2d 914

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

JAMES R. TUCK, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, Nashville for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

On August 21, 1960 Capt. Robinson and Sgt. Lumpkin of the Tennessee Highway Patrol acting under Sections 57-622 and 623, T.C.A. seized and confiscated a 1957 Chevrolet automobile then in possession of Kirby Wofford. Jerry Wofford, a minor by next friend his mother, Mary Fay Wofford filed a petition with the Commissioner of Revenue for the State of Tennessee for the return of the automobile. After a hearing on the matter the Commissioner ordered the automobile forfeited. Under Section 57-624, T.C.A. the matter was brought up for review by writ of certiorari before the Circuit Court of Davidson County. The Circuit Judge reversed the order of the Commissioner from which action the Commissioner appeals to this Court.

These two highway patrolmen acting as under cover agents had contacted Marvin Hogue and Kirby Wofford in an attempt to purchase some unstamped whiskey, and

had made arrangement for delivery at Hogue's home on the night of August 21, 1960. On this day in question Kirby Wofford had been to a fish fry in the company with three male companions, and all four drove that night to Hogue's home in the 1957 Chevrolet, being the car at issue in this case. The three companions were drunk and did not get out of this car. The officers arrived in a Buick car and the unstamped liquor was brought to this place in a 1948 Ford driven by a Negro, Alvin Nelson. The two officers Kirby Wofford, Marvin Hogue and Nelson took the Ford and the Buick a short distance from the front yard of the Hogue home out into a field where they transferred 25 gallons of unstamped whiskey from the Ford to the Buick. This left 11 gallons that was to go to Hogue. After this the officers identified themselves and arrested all involved. The officers also arrested the three companions of Wofford stating they were drunk, and confiscated the 1957 Chevrolet. The officers found on the floor board of the 1957 Chevrolet a partly filled pint bottle containing unstamped liquor.

■ This car under Section 57-622, T.C.A. would be subject to seizure if unstamped liquor is found therein for the purpose of distribution, gift or sale; and further this statute makes the presence of unstamped liquor in this car a prima facie evidence it was there for gift, sale or distribution. But when evidence was offered this whiskey was not in this car for distribution gift or sale then the presumption under this statute disappears. *Bell Cab & U-Drive-It Co. v. Sloan,* 193 Tenn. 352, 246 S.W.2d 41.

Francis Douglas one of Kirby Wofford's companions testified this whiskey belonged to him and they had all been drinking from this bottle at the fish fry. Douglas

testified when they left the fish fry he had the whiskey and later placed it on the floor board of the car where the officers found it. All the evidence in the record shows these men had this whiskey found in this 1957 Chevrolet for the purpose of drinking it. In fact the three companions of Wofford were placed in jail by these officers for being drunk.

Title to this 1957 Chevrolet was in Jerry Wofford the claimant, who is the six year old child of Kirby Wofford, and from the record it is shown Kirby Wofford was engaged in the illegal liquor business. Section 57-623, T.C.A. provides the Commissioner shall not allow the claim for return of this car unless and until the claimant proves: (1) that he has an interest in such vehicle, aircraft or boat, as owner or otherwise, which he acquired in good faith: (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of the State of Tennessee relating to liquor.

██ Counsel for the Commissioner argues the placing of title to this car in the name of the child was a scheme for the purpose of fraud and subterfuge, and that claimant under such circumstances has failed to meet the two specific requirements of Section 57-623 outlined above. We agree the placing of the title to this car in this child's name was a subterfuge, but we are unable to agree the requirements of this statute are controlling in the matter. Since all the evidence in the record shows this whiskey was in this car for the purpose of these men drinking it, and were in fact drinking, then the State has failed to show the whiskey was in the car for the purpose of distribution, gift or sale, and the car was not subject to

seizure and confiscation. In this proceeding the state has the burden of proving affirmative allegations upon which the right to forfeiture exists. *Boyd v. Christy,* 206 Tenn. 304, 333 S.W.2d 552.

Judgment affirmed.