# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 19, 2016 Session

## STATE OF TENNESSEE v. CAROLYN TILLILIE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 15-CV-16    J. Weber McCraw, Judge**

_____

**No. W2015-00673-COA-R3-CV – Filed June 7, 2016**

_____

This is a Rule 3 appeal of an order requiring the Appellant to post security for the care of three horses. Appellant was charged with cruelty to horses and ordered to post security for the care of the horses pending the resolution of her criminal charges. Appellant appealed. We determine that this is a criminal matter and therefore dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Charles Franklin Rye, Bartlett, Tennessee, for the appellant, Carolyn Tillilie.

Herbert H. Slatery III, Attorney General and Reporter and James E. Gaylord, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

## Background & Procedure

Appellant Carolyn Tillilie ("Appellant") was charged[1] with cruelty to three horses in violation of Tennessee Code Annotated section 39-14-202(a)(2)[2] in the General Sessions Court of Fayette County after the horses were discovered to be dangerously malnourished on October 31, 2014. The horses were removed to the custody of the State of Tennessee ("the State"), which placed the horses under the care of several boarding

---

[1]The underlying criminal proceedings were not made part of the record on appeal.

[2](a) A person commits an offense who intentionally or knowingly:

    (2) Fails unreasonably to provide necessary food, water, care or shelter for an animal in the person's custody

facilities and then, through the District Attorney General for the Twenty-fifth Judicial District, filed a petition to order Appellant to post a security bond to pay for the care of the horses in accordance with Tennessee Code Annotated section 39-14-210(g)(1)(A) ("bond provision").[3] On February 13, 2015, the general sessions court granted the State's petition and ordered Appellant to post a $35,000 security bond within 14 days or the horses would be considered abandoned and forfeited to the State in accordance with Tennessee Code Annotated section 39-14-210(g)(2).[4] Appellant appealed to the circuit court.

On March 9, 2015, Appellant filed a motion to continue and a demand for civil discovery. The circuit court issued an order continuing the matter until March 26, 2015. On March 16, 2015, Appellant issued subpoenas to Dr. Jennifer Dunlap, a veterinarian, and Sarah Davis, a stable operator. Ms. Davis objected to the subpoena on grounds that she had no involvement in or knowledge about the case. Dr. Dunlap objected on timeliness grounds and also on the grounds that the subpoena was unduly burdensome, expensive, and unnecessary. On March 19, 2015, Appellant filed a second motion to continue, alleging that additional time was necessary for discovery. Also on March 19, Appellant filed a motion to dismiss the action on grounds that the bond provision violated due process. The circuit court denied the motion for a second continuance and ruled that Ms. Davis did not need to appear at the hearing on the petition.

The circuit court heard argument and testimony on March 26, 2015. In addition to assisting law enforcement in investigating and caring for Appellant's horses, Dr. Dunlap testified as an expert witness in equine veterinary medicine and provided her opinion on the reasonableness of the boarding costs for the three horses. According to Dr. Dunlap, Appellant's horses were severely malnourished and would have died without very careful medical intervention. She explained that the horses initially required twenty-four hour monitoring and needed to be fed every two to four hours until they were stable. While the horses had improved greatly by the time of the hearing, Dr. Dunlap

---

[3] (g)(1)(A) Any governmental animal control agency, law enforcement agency, or their designee into whose custody any animal victimized under this part is placed, may petition the court requesting that the person from whom the animal is seized, or the owner of the seized animal, be ordered to post security.

[4] (g)(2) If the person from whom the animal is seized is the owner of the animal and the person has not posted the security ordered pursuant to subdivision (g)(1) within ten (10) business days following the issuance of a security order, the animal shall be deemed to have been abandoned and shall be forfeited to the governmental animal control agency, law enforcement agency, or their designee for disposition in accordance with reasonable practices for the humane treatment of animals. However, if the person from whom the animal was seized is not the owner of the animal and the person has not posted the court-ordered security within fifteen (15) days, the court shall order the governmental animal control agency, law enforcement agency, or their designee to make all reasonable efforts to determine who the owner of the animal is and to notify the owner of the pending proceeding.

emphasized that the full recovery process would take one year. Dr. Dunlap also explained in detail each aspect of the veterinary and boarding bills for the horses; from October 31, 2014 to January 30, 2015, the billed rate was $109 per day for all three horses. After that, the billed rate dropped to $101.74 per day for all three horses due to one of the horses no longer requiring more expensive feed. In Dr. Dunlap's opinion, the billed rates were "extremely reasonable costs of the care for those three horses," particularly due to the intensive care they required. The circuit court then calculated the surety bond at the rate of $100 per day for 270 days, which included the number of days from the horses' removal to the start of Appellant's criminal trial, for a total of $27,000.

During the hearing, Appellant's counsel argued that the security and abandonment provisions violated due process and was therefore unconstitutional because it could result in forfeiture prior to the resolution of Appellant's criminal charges. The circuit court determined that the statute was not unconstitutional and on March 26, 2015, ordered Appellant to post a surety bond in the amount of $27,000 within ten business days or the three horses would be considered abandoned and forfeited to the State. On April 6, 2015, Appellant filed a notice of appeal on the order to pay the bond pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

On October 14, 2015, the State filed a motion requesting that this Court transfer the matter to the court of criminal appeals, whom the State believes has proper jurisdiction, and a motion requesting that this Court dismiss the appeal for lack of a final judgment. This Court determined that the matter should have been appealed to the court of criminal appeals and issued an order on November 12, 2015, transferring the matter accordingly. On February 3, 2016, the court of criminal appeals issued an order stating that it did not have jurisdiction over the matter, that the proper jurisdiction lay in the court of appeals,[5] and transferred the matter back to this Court. The court of criminal appeals' order noted that the Tennessee Supreme Court has described forfeiture proceedings as "civil in nature" and concluded that "because the ultimate result for the failure to pay the security bond is forfeiture of the seized animals . . . this appeal is within the jurisdiction of the Court of Appeals." On February 9, 2016, this Court issued an order on the State's motion to dismiss holding the motion in abeyance until after the parties conducted oral argument.

---

[5]In its order, the court of criminal appeals cited an opinion issued by Oregon's criminal appellate court, *State v. Branstetter*, 45 P.3d 137, 140 (Or. App. 2002), in which that court analyzed a similar statute and determined that although a forfeiture proceeding in that case occurred as a result of a criminal action, "it [did] not arise from that action, is entirely separate from it, and, necessarily, is not governed by the rules that apply to criminal prosecutions." *Id.*

**Issues**

Appellant raises two issues on appeal:

I.       Whether the trial court erred in not granting time or extension of time to conduct discovery.

II.       Whether the provision of T.C.A. § 39-14-210(g) requiring a surety be deposited or the animal is considered abandoned and forfeited is an unconstitutional violation of due process under both the Tennessee and United States' Constitutions.

The State also raises two issues on appeal:

III.       Whether jurisdiction of an appeal from an order requiring a criminal defendant to post security for the care of seized animals pending disposition of criminal charges lies in the Court of Criminal Appeals.

IV.       Whether a criminal defendant has an appeal as of right from an order to post security for the care of seized animals pending disposition of criminal charges pursuant to Tenn. R. App. P. 3.

**Standard of Review**

Although several issues are raised on appeal, we conclude that the issue of jurisdiction is determinative in this case.  A determination of jurisdiction is a question of law, which we review de novo with no presumption of correctness.  *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

**Analysis**

**I. Jurisdiction**

Because the State raises issues regarding whether this matter is appropriately before this Court, we begin our review with those issues.  Specifically, the State argues that this matter arises out of a criminal charge and therefore contends that the proper jurisdiction of this matter lay in the court of criminal appeals.  Additionally, the state argues that this Rule 3 appeal should be dismissed because there has been no final order, i.e. a criminal conviction, in this matter.

The jurisdictional issue permeating this case is novel in Tennessee.   While

Tennessee courts have analyzed Tennessee Code Annotated section 39-14-210 in other contexts, no court has, as of yet, contemplated whether the considerations of subsection (g)(1)(A) and (g)(2) are part and parcel of the underlying criminal matter or whether the bond, abandonment, and forfeiture described therein are a distinct civil action. Far from being a difference without a distinction, the nature of the proceeding determines which court may hear an appeal and by what rules a prospective appellant must play in pursuing an appeal. If the proceeding is civil in nature, an appellant may only appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure where there is a final judgment in the matter. Tenn. R. App. P. 3(a). A judgment is final, for purposes of appeal, "when it decides and disposes of the whole merits of the case, leaving nothing" further for the judgment of the court. *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009). If, however, the bond, abandonment, and forfeiture is part of the criminal procedure, an appeal as of right would be available to an appellant only following a conviction. Tenn. R. App. P. 3(b). On the other hand, an appellant could petition the court for interlocutory appeal of a bond and forfeiture order in either a civil or criminal proceeding. Tenn. R. App. P. 9(a) (describing an interlocutory appeal by permission from the trial court); Tenn. R. App. P. 10(a) (describing an extraordinary appeal by permission of the appellate court).

First, we must consider the statutorily defined jurisdiction of the appellate courts of Tennessee. As noted by the State in its brief, the jurisdiction of the court of appeals "extends to all civil cases"[6] as well as "civil or criminal contempt arising out of a civil matter." Tenn. Code Ann. § 16-4-108(a)(1) & (b). Alternatively jurisdiction over final judgments in criminal cases and "other cases or proceedings instituted with reference to or arising out of a criminal case" is vested in the court of criminal appeals. Tenn. Code Ann. § 16-5-108(a)(1)-(2). The court of criminal appeals correctly noted in its order transferring this case back to the court of appeals that "forfeiture proceedings" are civil in nature in Tennessee. *See State v. Sprunger*, 458 S.W.3d 482, 492 (Tenn. 2015).

Our supreme court, in *Sprunger*, explained that although forfeiture "appears to be an amalgam of a civil and criminal proceeding," forfeiture actions are "*in rem*, regarding the property" and are thus inherently civil. *Id.* (citing *U.S. v. Ursery*, 518 U.S. 267, 274 (1996); *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 34 (Tenn. 1998)). The *Sprunger* court further explained that

> In Tennessee, while forfeiture is permissible, it is not favored: "The public policy of this state as expressed in the state constitution opposes forfeitures for convictions of crimes unless specifically provided for." *Hays v.*

---

[6] The statute conferring jurisdiction to the court of appeals explicitly excludes jurisdiction over workers' compensation cases and appeals pursuant to § 37-10-304(g).

*Montague*, 860 S.W.2d 403, 408 (Tenn. Ct. App. 1993) (citing *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975), *overruled on other grounds by Logan v. Winstead*, 23 S.W.3d 297 (Tenn. 2000); *Fields v. Met. Life Ins. Co.*, 249 S.W. 798, 798 (Tenn. 1923)). "Forfeitures are not favored by the law." *Redd* [*v. Tenn. Dep't of Safety*, 895 S.W.2d 332, 335 (Tenn. 1995)]; see also *Wells* [*v. McCanless*, 184 Tenn. 293, 198 S.W.2d 641, 643 (1947)] ("Forfeitures are not favored."). Consequently, "statutes authorizing forfeitures are to be strictly construed." *Watson* [*v. Tenn. Dep't of Safety*, 361 S.W.3d 549, 555 (Tenn. Ct. App. 2011)] (citing *Redd*, 895 S.W.2d at 335); *see also Wells*, 198 S.W.2d at 643 ("Forfeiture statutes are to be strictly construed.").

*Sprunger*, 458 S.W.3d at 494. Tennessee Code Annotated sections 40-33-201, *et seq.* provide authorization for and procedures to be followed in forfeiture actions against personal property.[7] Additionally, the legislature has enacted legislation explicitly incorporating title 40, chapter 33, part 2 as a basis for the forfeiture of property following the conviction of other crimes not already listed in section 40-33-201. *Id.*; *see* Tenn. Code Ann. § 39-17-1008(a) (including sexual crimes against children among the offenses that can be the basis for forfeiture of property); *see also* Tenn. Code Ann. § 55-50-504(h)(1) (allowing forfeiture in certain situations where an individual is convicted of driving while privileges were cancelled).

However, the procedure described in the bond and abandonment provisions at issue in this matter does not appear to be a "forfeiture" as contemplated by the legislature in title 40, chapter 33, part 2 or by our supreme court in *Sprunger*. Despite the legislature's use of the word "forfeited," the statute itself, in actuality, contemplates an abandonment of property. The pertinent part of the statute reads:

> If the person from whom the animal is seized is the owner of the animal and the person has not posted the security ordered pursuant to subdivision (g)(1) within ten (10) business days following the issuance of a security order, the animal *shall be deemed to have been abandoned* and shall be forfeited to the governmental animal control agency, law enforcement agency, or their designee for disposition in accordance with reasonable practices for the humane treatment of animals . . . .

Tenn. Code Ann. § 39-14-210(g)(2) (emphasis added). Unlike the various statutes

---

[7]Tennessee Code Annotated section 40-33-201 provides: "All personal property, including conveyances, subject to forfeiture under § 39-14-307, § 47-25-1105, § 53-11-451, § 56-16-104, § 55-50-504(h), § 55-10-414, § 57-5-409, § 57-9-201, § 67-4-1020, or § 70-6-202, shall be seized and forfeited in accordance with the procedure set out in this part."

authorizing the forfeiture of property, the bond and abandonment provisions of section 39-14-210(g)(2) do not incorporate title 40's forfeiture statutes nor do they follow what our supreme court, in *Sprunger*, identified as strict procedural requirements of the forfeiture statutes. *Sprunger*, 485 S.W.3d at 500 ("The State's failure to prove its compliance with the procedural requirements of the forfeiture statutes in this case requires us to vacate the forfeiture.").

Further, unlike civil forfeitures, which are typically post-conviction actions, the security and abandonment provisions at issue in this case are part of the pre-judgment criminal procedure. Section 39-14-210(f) demonstrates that "custody of any animal victimized under this part shall be placed with any governmental animal control agency" in order to "assist the animal and preserve evidence for prosecution." Tenn. Code Ann. § 39-14-210(f). The purpose of security, as authorized by section 39-14-210(g)(1)(B), is to provide for expected expenses in caring for and boarding the victimized animals. Abandonment only occurs when the owner of the animals fails or refuses to provide the security. *See* Tenn. Code Ann. § 39-14-210(g)(2). On the contrary, civil forfeitures do not allow an individual convicted of a covered crime to provide security to prevent having his or her property forfeited.

Simply put, the action described in Tennessee Code Annotated section 39-14-210(g)(2) at issue in this case is not a forfeiture. Rather, section 39-14-210's security and abandonment provisions are part of the criminal procedure pending trial and are therefore not within this Court's jurisdiction. In its order transferring this case, the court of criminal appeals cited an opinion issued by Oregon's appellate court, *State v. Branstetter*, 45 P.3d 137, 140 (Or. App. 2002), in support of its determination that this case involved a forfeiture. Although Oregon's statute is vaguely similar to the one at issue in this case, it appears as though Oregon's legislature did intend for the proceeding to be a forfeiture. *See* O.R.S. § 167.347 ("Forfeiture of impounded animal"). Because we have determined that forfeiture is not involved in this case, the conclusions of the Oregon court are inapplicable here. Accordingly, because this is an appeal of a criminal matter, we must dismiss this appeal for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, this appeal is dismissed. Costs of this appeal are taxed to the Appellant, Carolyn Tillilie, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

7