Ernie Biggs

*v.*

State of Tennessee.

(*Nashville,* December Term, 1959.)

Opinion filed December 9, 1960.

VAL SANFORD, Nashville, for plaintiff in error.

DAVID M. PACK, Assistant Attorney General, for State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Biggs was charged with commission of the statutory misdmeanor of carrying a pistol for the purpose of going armed, T.C.A. sec. 39-4901. He was adjudged not guilty. He then presented petition for an order directing the return of the pistol was denied. The Court based its denial upon the provisions of T.C.A. sec. 39-4912 hereinafter considered. Biggs has appealed upon the theory that the withholding of this pistol from him under the circumstances amounts to an unlawful confiscation of what he says is his property.

While this Court has expounded from time to time at more or less length, and with one interesting historical discussion commencing with the reign of Charles II, *Aymette v. The State,* 21 Tenn. 154, and *Andrews v. The State,* 50 Tenn. 165, as to the right of an individual in Tennessee to own a pistol, it is sufficient for the purposes of this case at this point to note that in *Osborne v. State,*

115 Tenn. 717, 718, 92 S.W. 853, in response to a material issue, it was held that T.C.A. sec. 39-4904, then Shannon's sec. 6650, prohibiting the sale in Tennessee of a pistol, "does not prohibit one from owning a pistol", or from sending it from the State for sale, and that it is an object which is "the subject of larceny".

Incidentally, in this connection, Chapter 165 of the Public Acts of 1959 purporting to amend T.C.A. sec. 39-4904, supra, so as to permit the sale of pistols in this State under the conditions therein stated is not being considered in determining the merits of Biggs' appeal. This is because the date of his alleged unlawful carrying of this pistol was in 1958.

*Heaton v. State,* 130 Tenn. 163, 170, 169 S.W. 750, 751, reaffirmed *Osborne v. State,* supra, and said that "our statutes do not prohibit one from owning a pistol", and that "the owner of a pistol, while he cannot carry or sell it in Tennessee, may keep it in his residence or place of business for his protection".

This Court has found no Tennessee decision overruling or modifying the holdings in *Osborne v. State,* and *Heaton v. State,* supra. Nor does it find any statute which prohibits an individual in Tennessee from owning a pistol unless it be implied by Section 1 of Chapter 55 of the Public Acts of 1921. This enactment is codified at T.C.A. sec. 39-4911. It will be discussed along with T.C.A. sec. 39-4912, supra.

█ Nor may the fact that the statute prohibits the carrying of a pistol for the purpose of going armed be considered, either upon precedent or principle, as a statutory denial by implication of the right of an individual in Tennessee to own a pistol. *Andrews v. The State,* supra, in discussing a statute prohibiting the carrying

of a pistol, said that the action of the Legislature in enacting regulations as to such carrying is, per se, an implication upon the part of the Legislature that "necessarily involves the existence of the thing or act to be regulated". 50 Tenn. at page 181.

That is, says *Andrews v. The State,* in substance, the act of the General Assembly in enacting legislation which prohibits the carrying of a pistol under the conditions stated in the enactment is an act which necessarily implies a recognition by the Legislature of the right of an individual to own a pistol. It is only the carrying thereof, under the condition stated in the statute, which is prohibited. That condition is a carrying with the intent of going armed. If the individual is carrying the pistol, but without that intent, he is not violating T.C.A. sec. 39-4901. *Moorefield v. The State,* 73 Tenn. 348.

It was in this state of affairs, fact and legal, that the Trial Judge, upon the supposed authority of T.C.A. sec. 39-4912, refused to order Biggs' pistol returned to him.

T.C.A. sec. 39-4912 provides that "all weapons" may be destroyed or disposed of under the order of the Court having jurisdiction, and "in no event, shall said weapon or weapons be returned to the person arrested * * *". This would be a confiscation or forfeiture of the weapons to which it refers.

It will be noticed that the first two words of this code section are "all weapons". If no limitation is to be given this expression, then there must be ascribed to the Legislature an intent to confiscate anything, including, for instance, a rolling pin or a base-ball bat, that may be possessed by an individual in his home or elsewhere as a weapon for protection. The Legislature, in the enactment of that part of the statute codified as sec. 39-4912,

had, of course, no such unlimited intention. What, therefore, is the limitation, as reflected upon the face of the pertinent code sections, intended by the Legislature upon the expression "all weapons", as that expression is used in sec. 39-4912?

The answer to the question just put is made obvious upon the face of the code section wherein its origin is shown. That showing is that sec. 39-4912 is Section 2 of Chapter 55 of the Public Acts of 1921. Section 1 of that Act is codified in the immediately preceding code section, to-wit, sec. 39-4911, as therein shown. That code section specifies certain weapons, including a pistol, which under the conditions stated in sec. 39-4911, shall become by the express provisions of that code section the property of the sovereign involved. Those are the weapons, the confiscation of which is authorized by sec. 39-4912 when there exist the conditions stated in sec. 39-4911.

T.C.A. sec. 39-4911 provides that "whenever any person is arrested by any lawful officer of the state, county, or a municipality within the state, and the said person is found to have on his person, or about him in an unlawful manner any unlawful weapon, such as * * * pistols * * * which he is by law prohibited from carrying, the said unlawful weapon or weapons shall become the property of the state, county, or municipality, as the case may be".

It is clear from the statement of the law hereinbefore made that a pistol is not, per se, "an unlawful weapon". So, giving this quite ambiguous code section 39-4911 that reasonably possible construction most favorable to the State, it means that a pistol becomes an "unlawful weapon" while being carried on the person "in an unlawful manner". It would be folly to think that the Legis-

lature in such an incidental, casual, artless and ambiguous a manner intended to make unlawful, assuming it could do so, that which has been recognized generally throughout this State since its inception, and repeatedly so declared by this Court, and recognized by the Legislature, as the right of every individual therein, to-wit, the right to own a pistol.

■ The pistol which may be confiscated under the authority of T.C.A. sec. 39-4912 is that which in T.C.A. sec. 39-4911 is carried by its owner ''on his person, or about him in an unlawful manner''. It has been adjudged in this case that Biggs, when arrested, was not carrying this pistol ''on his person, or about him in an unlawful manner''.

■ ■ This pistol was not, therefore, subject to the confiscation for which T.C.A. sec. 39-4912 provides. Before a confiscation statute may be used to deprive a person of his property the facts must fall both within the spirit and the letter of the confiscation law under which the sovereign proposes to act. This is because confiscations are not favored and every statute purporting to authorize confiscation must be strictly construed and strictly pursued. *Wells v. McCanless,* 184 Tenn. 293, 198 S.W.2d 641; *Range Pontiac Sales Co. v. Dickinson,* 195 Tenn. 228, 258 S.W.2d 770. Thus, since T.C.A. sec. 39-4912 does not apply, it was error, in this Court's opinion, to deny Biggs' petition for a return of his pistol.

The judgment of the Trial Court will be reversed. A judgment sustaining Biggs' petition for an order directing the return of this pistol to him will be entered. The cause will be remanded for all appropriate proceedings to that end. All costs will be adjudged against the State.