STATE of Tennessee, Appellant,

v.

**Raymond BRADAM et al., Appellees.**

Court of Criminal Appeals of Tennessee.

Feb. 22, 1979.

William M. Leech, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellant.

Richard L. Banks, Cleveland, for appellees.

OPINION

DWYER, Judge.

This is an appeal by the State from the following order as entered by the Bradley County Criminal Court:

"This cause came on to be heard on the 27th day of May, 1978, upon Motion by the Defendants for return of certain weapons confiscated from the Defendants in this cause. From the record and proof, it appears that the following guilty pleas were entered in this Court by Raymond L. Bradam, his son Richard Bradam, his daughter-in-law Opal Bradam, and another son, Billy Bradam:

1.  Raymond L. Bradam:

# 9075—Aiding and Abetting Manufacturing Marijuana, 2 to 5 years in the penitentiary, suspended.

2.  Opal L. Bradam:

# 9113—Kidnapping, 2 to 5 years, suspended.

# 9122—Aiding and Abetting Manufacturing Marijuana, 2 to 5 years, suspended.

3.  Richard A. Bradam:

# 9109—Armed Robbery, 10 years in the penitentiary.

# 9116—Aggravated Assault, 2 to 10 years in the penitentiary.

# 9111—Kidnapping, 2 to 10 years in the penitentiary.

# 9121—Manufacturing Marijuana, 2 to 5 years in the penitentiary.

4.  Billy R. Bradam:

# 9110—Armed Robbery, 10 years in the penitentiary.

# 9114—Kidnapping, 2 to 10 years in the penitentiary.

# 9117—Aggravated Assault, 2 to 10 years in the penitentiary.

# 9120—Manufacturing Marijuana, 2 to 5 years in the penitentiary.

"By plea bargaining, dismissals were entered on Motion of the State of Tennessee in the following:

1.  Raymond L. Bradam:

# 9108—Armed Robbery, Dismissed.

# 9112—Kidnapping, Dismissed.

# 9115—Aggravated Assault, Dismissed.

# 9195—Use of Firearm in Commission of Felony, Not Guilty.

2.  Opal L. Bradam:

# 9195—Use of Firearm in Commission of Felony, Not Guilty.

3. Richard A. Bradam:

> # 9195—Use of Firearm in Commission of Felony, Not Guilty.

4. Billy R. Bradam:

> # 9195—Use of Firearm in Commission of Felony, Not Guilty.
>
> # 9196—Felony Possession of Weapon, Not Guilty.

"It appears, further, 'that two (2) weapons were confiscated by law enforcement officers in the course of their investigation, to-wit: A Winchester Model 12 shotgun (taken from the home of Billy R. Bradam) and a .22 caliber revolver (taken from the residence of Richard and Opal Bradam). Said weapons were confiscated during the execution of search warrants at the two residences.

"Upon hearing of the Motion herein, Raymond Bradam, father of Billy and Richard Bradam, announced to the Court, by unsworn testimony, that the shotgun belonged to him.

"Inasmuch as Defendants Raymond Bradam and Opal Bradam were not convicted of a violation of T.C.A. Sec. 39–4901, it is the opinion of this Court that these two (2) weapons should be returned to their respective owners. It is, therefore,

"ORDERED, ADJUDGED and DECREED that the shotgun heretofore described be returned to Defendant Raymond Bradam and the pistol heretofore described be returned to Defendant Opal Bradam and that the District Attorney or law enforcement officer having custody of the said items return them in open Court on this, the 27th day of May, 1978. "Enter this 15th day of June, 1978, for the 27th day of May, 1978."

The State's sole assignment of error is that the return of the weapons in question is based upon an erroneous interpretation of the law relating to the confiscation and forfeiture of weapons.

The State contends the trial court too narrowly construed *Biggs v. State,* 207 Tenn. 603, 341 S.W.2d 737 (1960), in ordering the firearms returned to their owners, Raymond Bradam and Opal Bradam, on the sole basis that neither was convicted of carrying a dangerous weapon, T.C.A. § 39–4901. In *Biggs,* supra, the defendant was acquitted of such a charge, T.C.A. § 39–4901, and the firearm was rightfully returned to him, for Biggs was the lawful owner and was in lawful possession of the weapon when it was *seized* from him. We think *Biggs* is viable law under the facts of that case which are a far cry from the factual situation here.

The State contends that pursuant to T.C.A. § 39–4912 weapons can be adjudicated as contraband and in certain cases disposed of by the State without a conviction pursuant to T.C.A. § 39–4901. We agree with the State. However, contrary to the State's contention, we think the confiscation statute, T.C.A. § 39–4912, should be strictly construed. *Biggs v. State,* supra. Also, since *Biggs,* T.C.A. § 39–4912 has been amended to read in part:

> ". . . any confiscated firearm found to have been *stolen from its rightful and legal owner or one rightfully and legally possessing it,* shall, at the conclusion of the last legal proceeding involving it, be forthwith returned to such owner or possessor, or if *the person from whom it was seized is the rightful and legal owner or possessor of such firearm and he is not convicted in any proceeding arising out of or involving the possession* thereof, it shall at the conclusion of such proceeding, be forthwith returned to him." (Emphasis added.)

This proviso was in full force and effect at the time of the entry of the order by the trial court. The appellees contend that since they were the rightful owners and were not convicted of any charge arising out of or involving the possession thereof, T.C.A. § 39–4901, the weapons were rightfully returned to them. However, we think ownership of the weapons and a conviction of carrying a dangerous weapon, T.C.A. § 39–4901, are not the only criteria to be observed by the trial court in determining whether or not the firearm should be returned to its owner. If the firearm has been confiscated by any law enforce-

ment officer and it has been determined that the firearm was used in the commission of a crime, i. e., contraband, then we construe the language of T.C.A. § 39–4912 to read that the firearm will be returned to its *owner* only if it was stolen from him; or, the firearm will be returned to the person from whom it was *seized* only if this person is the rightful and legal owner or possessor of the firearm and this person is not convicted in *any* proceeding arising out of or involving the possession of the firearm. Otherwise, the confiscated firearms will be forfeited.

 The only testimony in the record concerning the ownership of the weapons are the unsworn statements of Raymond Bradam. The alleged owners, Raymond Bradam and Opal Bradam, could not get the firearms returned under the first exception enumerated above, since there is no evidence in the record that the firearms were stolen from them. Raymond Bradam should not have the shotgun returned under the second exception because, according to the record, the shotgun was not seized from him but was seized from the home of Billy Bradam. There is also evidence in the record that the revolver was confiscated from the home of Richard and Opal Bradam. Billy Bradam and Richard Bradam were convicted of aggravated assault, armed robbery, and kidnapping. Opal Bradam was convicted of kidnapping. If Billy Bradam, Richard Bradam, and Opal Bradam were the legal possessors of the weapons and used the weapons in the offenses of which they were convicted, then they, the persons from whom the firearms were seized, cannot get the weapons returned as we construe the second exception in T.C.A. § 39–4912.

We think it was the intent of the legislature that weapons used in the commission of crime should be confiscated and taken out of circulation, subject only to the two exceptions as contained in the proviso.

In short, if the pistol *seized* from the home of Billy and Opal Bradam was used in the commission of the crimes and Opal was convicted in any of these proceedings, she is not, as we construe T.C.A. § 39–4912, entitled to the return of the pistol. Since the meager record presented is totally insufficient to support the trial court's ruling, the record is remanded for a hearing in accordance with our construction of T.C.A. § 39–4912.

O'BRIEN and TATUM, JJ., concur.