Warren E. HANVEY

v.

**W. D. BLANKENSHIP and H. B. Thompson, Supt. and Chairman of Bland Correctional Center & Adjustment Committee, respectively.**

Civ. A. No. 79–0111–A.

United States District Court,
W. D. Virginia.

Aug. 20, 1979.

Warren E. Hanvey, pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for defendant.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Petitioner, Warren Hanvey, seeks relief from this court pursuant to 42 U.S.C. § 1983. Hanvey, an inmate at the Bland Correctional Center, Bland, Virginia, alleges that the confiscation of U.S. currency from his person by respondents, the Superintendent and Adjustment Committee Chairman at Bland, was unauthorized and the equivalent of theft. Respondents, attaching an affidavit, have moved for summary judgment. Petitioner responded with his own motion for summary judgment.

The undisputed facts show that on April 4, 1979, during a routine shakedown, the petitioner was searched and found to have seven hundred fifty dollars ($750.00) in his billfold. As a result, petitioner was given an institutional rule infraction charge of "unauthorized possession of United States currency, coin or paper" pursuant to Virginia Department of Corrections Guideline 861. On April 12, 1979, petitioner was found guilty of the charge before the Institutional Adjustment Committee and received 15 days in isolation, 10 days subsequently suspended, and also a loss of 30 days good conduct time. The $750.00 was turned over to the Inmate Canteen Fund. Monies placed in this fund are used to purchase recreational items to be used by the entire inmate population at Bland. Petitioner specifically requests that the confiscated money be placed in his personal prison account or be sent to his family, instead of being used to benefit the prison population as a whole.

The Eighth Circuit Court of Appeals faced an analogous factual situation in *Sell v. Parratt,* 548 F.2d 753 (8th Cir. 1977). That court recognized the legitimate security concern prison officials have in regulating easily transferable currency within a penal institution. Such money facilitates gambling, bribery, extortion, and the purchase of drugs, weapons, and other contraband among the inmate population. *See also Nix v. Paderick* 407 F.Supp. 844, 846 (E.D.Va.1976). However, as *Sell* held, for permanent forfeiture of an inmate's money not to violate the Fourteenth Amendment, there must be underlying statutory authority prescribing to the prison officials such a right. 548 F.2d at 759.

Unlike the Nebraska law interpreted in *Sell,* the Code of Virginia does confer upon the Board of Corrections the power to denote "[a]ny item[s] of personal property, tangible or intangible" as contraband. Va. Code Ann. § 53–23.1 (Repl. Vol. 1978). Although the provision directs the Board to sell or destroy such confiscated items, it is this court's opinion that the general intent of the statute was to allow prison officials to regulate personal property within penal institutions. Hence, the directive portion of the statute to sell or destroy contraband is viewed as discretionary and not mandatory.

Furthermore, Va.Code Ann. § 53–223 (Repl. Vol. 1978) allows the Board to authorize the proceeds of such contraband to be used for the benefit of all prisoners. So, the Inmate Canteen Fund is not in violation of the Virginia statute.

Following the logic of *Sell,* this court finds no violation of petitioner's constitutional rights. Accordingly, respondents' motion for summary judgment is granted and petitioner's complaint is ordered dismissed and stricken from the docket.