**Warren E. HANVEY, Appellant,**

v.

**W. D. BLANKENSHIP, H. E. Thompson, Appellees.**

**No. 79–6514.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 20, 1980.

Decided Sept. 25, 1980.

Edward L. Hogshire, Charlottesville, Va. (Paxson, Smith, Boyd, Gilliam & Gouldman, P. C., Charlottesville, Va., on brief), for appellant.

Guy Horsley, Asst. Atty. Gen., Richmond, Va., (Marshall Coleman, Atty. Gen. of Va., Alan Katz, Asst. Atty. Gen. Richmond, Va., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

In this action under 42 U.S.C. § 1983, Warren Hanvey seeks return of the $750 that prison officials confiscated from him as contraband following its discovery in his possession during a routine prison shakedown. Because prison regulations explicitly prohibit unauthorized possession of any United States currency, prison officials, having found Hanvey guilty of the violation, placed the $750 in the Inmate Canteen Fund. The district court held that this forfeiture did not violate Hanvey's constitutional right not to be deprived of property without due process. We affirm.

When statutory authority permits a forfeiture such as this one, no constitutional violation occurs. *Sell v. Parrot*, (8th Cir. 1977) 548 F.2d 753, 759. In this case, we feel that §§ 53–23.1 and 53–223 of the Virginia Code, when read in conjunction, must be construed as authorizing the action prison officials took against Hanvey. Therefore, we affirm the district court's denial of relief to Hanvey for the reasons it stated in *Hanvey v. Blankenship*, 474 F.Supp. 1349 (W.D.Va.1979).

*AFFIRMED.*