862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E.Z. BELL, Plaintiff-Appellant,
v.
Gary T. DIXON, Lt. Norwood, Sgt. Murphy, Ofc. Joyner, Gene
Cousins, Ken Harris, Joe Baker, Mr. Wood,
Defendants-Appellees.
 No. 88-7205.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1988.
Decided Nov. 4, 1988.
 
 E.Z. Bell, appellant pro se.
 Lucien Capone, III, Office of Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 E.Z. Bell appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Bell v. Dixon, C/A No. 87-749-CRT (E.D.N.C. July 5, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The district court held that plaintiff was not entitled to relief under Sec. 1983 because North Carolina law provides a meaningful post-deprivation remedy for the unauthorized deprivation of property by state employees. See Hudson v. Palmer, 468 U.S. 517 (1984). Although the confiscation of property of which plaintiff complains was allowed under N.C.Gen.Stat. Sec. 148-18.1 (1987), and hence not unauthorized, the district court did, nevertheless, reach the correct result. Where, as here, statutory authority permits confiscation of currency as contraband, no constitutional violation occurs as a result of that confiscation. See Hanvey v. Blankenship, 631 F.2d 296 (4th Cir.1980)