Bobby **BLACKMON**, Plaintiff–Appellant,

v.

Stephen **NORRIS**, Commissioner of the Department of Correction, et al., Defendants–Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 3, 1989.

Permission to Appeal Denied by Supreme Court Aug. 7, 1989.

Bobby Blackmon, Nashville, pro se.

Charles W. Burson, Atty. Gen. and Reporter, Odell Horton, Jr., Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

CANTRELL, Judge.

An inmate brought this declaratory judgment action challenging the validity, under state law and the due process clause, of a Tennessee Department of Correction regulation requiring the forfeiture of free world money found in the possession of inmates. The chancellor dismissed the action for failure to state a claim upon which relief can be granted. The inmate appeals.

In reviewing the chancellor's dismissal of the plaintiff's complaint for failure to state a claim, this court must assume the truth of the facts alleged in the complaint. *Pemberton v. American Distilled Spirits Co.,* 664 S.W.2d 690 (Tenn.1984).

Plaintiff-appellant Bobby Blackmon is an inmate at the Tennessee State Penitentiary in Nashville. A correctional officer confiscated one hundred dollars in cash found in Mr. Blackmon's room during a search. The officer issued two write-ups to Mr. Blackmon, one for possession of free world money and one for possession of contraband. The disciplinary board found Mr. Blackmon guilty of possessing free world money, but dismissed the contraband charge. The confiscated money was placed in the general fund pursuant to Tennessee Department of Correction (TDOC) policy 208.06, which provides, in pertinent part:

Any money found in the possession of an inmate/student who resides at an institution or agency of the department, or any money found on the property of the department, shall be deposited to the General Fund.

Mr. Blackmon petitioned the Department of Correction for a declaratory order finding the TDOC policy contrary to state law. The department denied the petition, citing *Kimble v. Department of Corrections, State of Michigan,* 411 F.2d 990 (6th Cir. 1969).

Mr. Blackmon then instituted the present declaratory judgment action against the Commissioner of the Department of Correction and the Assistant Commissioner and Director of Special Programs challenging the TDOC policy's validity under state law and the United States Constitution. The chancellor granted the defendants' motion for summary judgment. In so ruling, the chancellor stated:

[D]efendants are granted authority under T.C.A. §§ 4-3-603 and 4-3-606 to enact and enforce TDOC Policy 208.06, which provides for the confiscation of "free world money" found in the possession of inmates in its institutions. Therefore, plaintiff's constitutional rights have not been violated.

On appeal, Mr. Blackmon continues to assert that TDOC policy 208.06 violates state law and the United States Constitution because the commissioner has no authority to enact the policy. (It should be noted that Mr. Blackmon has not challenged the efficacy of the process by which this policy was enacted—as a policy, rather than as a rule or regulation.) Mr. Blackmon's objection is not to the TDOC prohibition against inmates having free world money in their possession; and he does not question the TDOC's right to take away money found in an inmate's possession in violation of the prohibition. Rather, Mr. Blackmon challenges the TDOC policy of depositing the money in the general fund, thereby effecting a permanent confiscation. It is Mr. Blackmon's position that putting the money in the general fund amounts to a forfeiture, that the commissioner has no

statutory authority to enact a policy prescribing such a forfeiture, and that, therefore, the policy violates due process.

Article 1, section 12 and article 1, section 17 of the Tennessee Constitution have been interpreted as indicating this state's public policy that conviction of a crime does not strip one of property rights and that all people, including prisoners, can seek legal redress for injuries to their rights. *See Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975).

■ Forfeitures are not favored by the law. *Williams v. City of Knoxville*, 220 Tenn. 257, 416 S.W.2d 758 (1967); *Biggs v. State*, 207 Tenn. 603, 341 S.W.2d 737 (1960). Statutes purporting to authorize forfeiture are strictly construed and justify permanent confiscation only when the facts fall within both the letter and spirit of the statute. *Biggs*, 207 Tenn. at 603, 341 S.W.2d at 737.

A Georgia court cited similar forfeiture principles in *Balkcom v. Heptinstall*, 152 Ga.App. 539, 263 S.E.2d 275 (1979), a case involving the confiscation and placement in the prison athletic fund of cash found in an inmate's possession. There was no Georgia statute authorizing the state to permanently confiscate cash found in an inmate's possession. The court held that an inmate found in possession of cash "does not forfeit his right to reclaim it upon his release, absent clear authority from the legislature providing for such a forfeiture." *Balkcom*, 263 S.E.2d at 277. Thus, the court affirmed the trial court's granting of summary judgment to the inmate.

In *Sell v. Parratt*, 548 F.2d 753 (8th Cir.), *cert. denied*, 434 U.S. 873, 98 S.Ct. 220, 54 L.Ed.2d 152 (1977), an inmate brought a constitutional challenge to the permanent confiscation of cash found in his possession in violation of prison rules. The relevant Nebraska statutory provisions discussed the duties of the director of the prison system, punishment procedures, and prohibited employee behavior. The provisions did not mention forfeiture as a means of punishing inmates for infractions. Under these circumstances, the Eighth Circuit affirmed the district court's finding that

there was no statutory authority for forfeiture of money found in an inmate's possession and that, therefore, the forfeiture violated due process. The Eighth Circuit indicated that the district court could have avoided the constitutional issue and simply decided the case as a matter of state law on the issue of statutory authority:

> We think that the district court without reaching the federal constitutional question raised by the plaintiffs might well have based its decision on the proposition that simply as a matter of Nebraska law an administrative agency of the state, like the Department of Correctional Services, may not forfeit property used or possessed in violation of agency rules and regulations unless the power to effect such a forfeiture is expressly, or at least by fair implication, conferred by the statutes of the state, and that in the absence of statutory authority the Department had no authority to confiscate permanently the currency that was taken from the plaintiffs.

*Id.* 548 F.2d at 758. *But cf. Lowery v. Cuyler*, 521 F.Supp. 430 (E.D.Pa.1981) (stating the view that an inmate has no property interest in items designated as contraband).

In *Hanvey v. Blankenship*, 631 F.2d 296 (4th Cir.1980), *aff'g per curiam* 474 F.Supp. 1349 (W.D.Va.1979), another due process case, the Fourth Circuit adopted the *Sell* reasoning and applied the statutory authority requirement as a prerequisite for due process. In *Hanvey*, however, the Fourth Circuit found statutory authority for forfeiture of money found in an inmate's possession (and, therefore, held that there was no due process violation). The Virginia code provisions specifically stated that contraband could be confiscated and used for the welfare of all inmates. *See Hanvey*, 474 F.Supp. at 1350. *See also Petition of Smith*, 82 N.C.App. 107, 345 S.E.2d 423 (1986) (following *Hanvey* in case involving similar statutory provision).

■ We hold that, under Tennessee law, the Department of Correction cannot permanently confiscate cash found in an inmate's possession in violation of prison

rules unless the legislature has specifically authorized such a forfeiture. The code sections relied upon by the state, Tenn.Code Ann. §§ 4-3-603 and 4-3-606 (1985), contain only general statements as to the powers and duties of the commissioner and the Department of Correction. Neither these code provisions nor others to which they refer make any mention of forfeiture of property found in an inmate's possession in violation of prison rules. Therefore, we conclude that the commissioner was without statutory authority to enact TDOC policy 208.06.

We do not decide the extent of the commissioner's authority to confiscate permanently other types of property found in an inmate's possession in violation of prison rules. It stands to reason, however, that the same analysis applies to other items of property which one might possess lawfully when not in prison. *See Balkcom,* 263 S.E.2d at 276 (drawing distinction between contraband that is "inherently unlawful" and contraband that "may ordinarily be used in a beneficial and useful manner.")

Our decision in this case does not question the authority of the commissioner to prohibit inmates from keeping cash in their possession and to confiscate cash found in their possession. We simply hold that, before the commissioner can permanently confiscate contraband cash, the legislature must pass a statute specifically authorizing the forfeiture of the cash or the forfeiture of items designated as contraband under prison rules. Until the legislature passes such a law, confiscated cash must be returned to inmates upon their release from prison.

Having found the TDOC policy invalid under state law for lack of statutory authority, we need not proceed to address the issue of whether the policy violates due process. Therefore, the Sixth Circuit decision relied upon by the state, *Kimble v. Department of Corrections, State of Michigan,* 411 F.2d 990 (6th Cir.1969), is not controlling.

The judgment of the court below is reversed and the cause is remanded to the Chancery Court of Davidson County for any further necessary proceedings. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.