878 F.2d 378
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peter Emmanuel BERNARD, Plaintiff-Appellant,
v.
David A. GARRAGHTY, Warden, N.C.C., R.A. Young, Regional
Director, E.C. Morris, Deputy Director,
Defendants-Appellees.
 No. 89-7009.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 7, 1989.
Decided June 22, 1989.
 
 Peter Emmanuel Bernard, appellant pro se.
 Before DONALD RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Peter Emmanuel Bernard appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Bernard v. Garraghty, C/A No. 88-770-R (E.D.Va. Nov. 4, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The district court held that plaintiff was not entitled to relief under Sec. 1983 because Virginia law provides a meaningful postdeprivation remedy for the unauthorized deprivation of property by state employees. See Hudson v. Palmer, 468 U.S. 517 (1984). This is correct concerning the claim of the lost headphones. Although the confiscation of the Toshiba radio was allowed under Va.Code Ann. Sec. 53.1-26, and hence not unauthorized, the district court did, nevertheless, reach the correct result. Where, as here, statutory authority permits confiscation of property as contraband, no constitutional violation occurs as a result of that confiscation. See Hanvey v. Blankenship, 631 F.2d 296 (4th Cir.1980)