IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
DECEMBER SESSION, 1997

FILED

May 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )     No. 03C01-9703-CR-00105
        Appellee         )
                         )     MONROE COUNTY
vs.                      )
                         )     Hon. R. Steven Bebb , Judge
GARY LEWIS THOMPSON,     )
                         )     (DUI, Third Offense;
        Appellant        )     Forfeiture of Vehicle)

For the Appellant:

J. Reed Dixon
Dixon & Stutts
P. O. Box 111
Sweetwater, TN  37874

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Sandy Copous Patrick
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


Jerry N. Estes
District Attorney General

Richard Newman
Asst. District Attomey General
P. O. Box 647
Athens, TN  37303


OPINION FILED: _____


AFFIRMED IN PART; REVERSED IN PART


David G. Hayes
Judge

**OPINION**

The appellant, Gary Lewis Thompson, was indicted by a Monroe County Grand Jury for the offense of vehicular homicide, driving under the influence, third offense, and driving on a revoked license. On July 22, 1996, the appellant pled guilty to DUI, third offense, with the sentence to be determined by the trial court. Prior to the guilty plea hearing, the State moved to *nolle pros* the vehicular homicide charge, which was granted. Additionally, the trial court, upon appellant's motion, dismissed the charge of driving on a revoked license. Immediately following entry of the guilty plea, the State, for the first time, requested seizure and forfeiture of the appellant's John Deere tractor, which he was operating at the time the DUI offense occurred. Following a sentencing hearing on September 6, 1996, the trial court imposed a sentence of eleven months twenty-nine days in the county jail and assessed a fine of $7,500 for the DUI, third offense conviction. The appellant's release percentage was fixed at 75%. The trial court also ordered that the farm tractor be "confiscated" from the appellant's possession and forfeited to the State. On November 8, 1996, the written order to seize and forfeit the tractor was entered. The appellant appeals from the trial court's judgment pursuant to Tenn. R. Crim. P. 37(b)(2)(ii), raising the following two issues:

I. Whether the period of confinement in the jail is excessive; and

II. Whether § 55-10-403(k)(1) properly authorizes forfeiture of his tractor.

After a review and analysis of the appropriate law, we affirm the sentence and fine imposed by the trial court. However, for reasons stated herein, we vacate the trial court's order of forfeiture and remand to the trial court for further proceedings consistent with this opinion.

**Background**

The facts leading to the appellant's conviction are essentially undisputed. On August 11, 1995, at approximately 11:00 p.m., the appellant, a local farmer whose license had previously been revoked, drove a John Deere tractor south on Highway 11 in Monroe County to Allen's convenience store to purchase something to eat.[1] However, when he arrived at the store, the deli was closed; so he proceeded to the Raceway convenience store further down the highway. When he arrived at Raceway, he purchased a six pack of beer and also repaid a $5.00 debt incurred earlier that week.

After making his purchase, the appellant returned to his tractor and proceeded north on Highway 11. The appellant was traveling in the right hand lane at a speed between 18 and 22 miles per hour. Fletus V. Carruth, an off-duty police officer, was also traveling north on Highway 11.[2] Carruth's vehicle struck the rear of the appellant's tractor, resulting in Carruth's death.[3] Although the appellant refused a blood alcohol test, law enforcement officers at the scene observed that the appellant was unsteady on his feet, had slurred speech, and smelled strongly of alcohol. Additionally, field sobriety tests were administered to the appellant. The appellant failed the Horizontal Gaze Nystagmus Test and the Walk and Turn Test. The appellant admitted that he had "split a twelve pack" with a farm employee earlier that day.

---

[1] It is unclear from the record the nature of the ownership of the farm tractor. Although the ownership is not at issue, the appellant testified that he and his three brothers jointly manage an incorporated 469 acre farm d/b/a Thompson Farm, Inc.

[2] Testimony of the State's accident reconstruction expert established that the victim's vehicle was traveling between 63 and 83 miles per hour in a 30 mile per hour speed zone.

[3] The location of the collision was lighted by streetlights and was situated within the city limits of Sweetwater. No skid marks were visible.

The appellant's severely damaged tractor was impounded by the State as evidence. However, the tractor was returned to the appellant's farm shortly thereafter and prior to any further proceedings in this case. The appellant, at his own expense, made extensive repairs to the damaged tractor.

On September 16, 1996, the trial court sentenced the appellant to 11 months, 29 days at 75% and imposed a fine of $7500 for the driving under the influence, third offense, conviction. On November 8, 1996, the trial court ordered that the appellant's John Deere tractor be forfeited pursuant to Tenn. Code Ann. § 55-10-403(k)(1).

## I. Length of Appellant's Sentence

The appellant first contends that the trial court imposed an excessive sentence for his conviction. Specifically, the appellant argues that the trial court improperly applied non-statutory enhancement factors and incorrectly applied statutory enhancement factors that were either unsupported by the evidence or elements of the offense.

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

4

Misdemeanor sentencing is governed by Tenn. Code Ann. § 40-35-302 (1995 Supp.). Although otherwise entitled to the same considerations under the Sentencing Reform Act of 1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted); State v. Warren, No. 01C01-9605-CC-00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citation omitted). Moreover, as a sentencing hearing is not mandatory, see Tenn. Code Ann. § 40-35-302 (1995 Supp.), trial courts are not required to explicitly place their findings on the record, although such practice is beneficial for appellate review. See State v. McKnight, No. 01C01-9509-CC-00313 (Tenn. Crim. App. at Nashville, June 11, 1996), perm. to appeal denied, (Tenn. Jan. 6, 1997); see also State v. Troutman, No. 03C01-9509-CC-00287 (Tenn. Crim. App. at Knoxville, Nov. 6, 1996), perm. to appeal granted, (Tenn. May 5, 1997) (Hayes, J., dissenting). Additionally, while we acknowledge that the purpose of requiring the trial court to consider enhancement and mitigating factors in felony sentencing is to assure the determination of an appropriate sentence within the applicable sentencing range, we recognize that, a misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. See Troutman, No. 03C01-9509-CC-00287 (Hayes, J., dissenting). Thus, although strict compliance with formal procedures is vital in felony sentencing in part to avoid disparity in the sentencing of defendants, such rigid compliance is not necessary in misdemeanor sentencing where the relative narrow sentencing periods encompassed by class A, B, and C misdemeanors eliminates *per se* the potential for disparity. Id. Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence.

Even in light of the court's discretion and the less stringent procedures permitted in misdemeanor sentencing, a misdemeanant must be sentenced to a determinant sentence, including a percentage of that sentence which the offender

5

must serve before becoming eligible for consideration of rehabilitative programs. Tenn. Code Ann. 40-35-302(b), (d); see also State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). In determining the percentage of the sentence, the court may consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d); Palmer, 902 S.W.2d at 393-94; State v. Gilboy, 857 S.W.2d 884, 889 (Tenn. Crim. App. 1993). However, the statutory enhancement and mitigating factors do not have to be the only factors considered by the trial court in determining the appropriate sentence. Indeed, consideration of the statutory enhancement factors may very well be futile in the area of misdemeanor sentencing since the very terms of certain enhancement factors limit their application solely to felony offenses. See, e.g., Tenn. Code Ann. § 40-35-114(11), -114(12), -114(13), -114(14) (1995 Supp.). Accordingly, the court should examine the misdemeanor offense in the light and character of the circumstances of the offense as well as under the mandated sentencing principles. State v. Brannon, No. 03C01-9508-CR-00233 (Tenn. Crim. App. at Knoxville, Apr. 3, 1996), perm. to appeal denied, (Tenn. Nov. 4, 1996) (citing Gilboy, 857 S.W.2d at 889).

In addition to these guidelines for misdemeanor sentencing, a sentence in a DUI case must meet certain restrictions provided in the DUI statutes. See Palmer, 902 S.W.2d at 394; see also Seaton, 914 S.W.2d at 132. Specifically, Tenn. Code Ann. § 55-10-403(a)(1) (1995 Supp.) provides that the sentence for a third time DUI offender is confinement "in the county jail or workhouse for not less than one hundred and twenty days nor more than eleven months and twenty-nine days." Moreover, a DUI offender, unlike other misdemeanor offenders, can be sentenced to serve the entire sentence imposed, or 100%. Palmer, 902 S.W.2d at 393-94. Compare Tenn. Code Ann. 40-35-302(d) (maximum percentage is 75%). Thus, in effect, the statute mandates a maximum sentence for a DUI conviction "with the only function of the trial court being to determine what period above the minimum period

of incarceration established by statute, if any, is to be suspended."[4]   State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997); State v. Brice, No. 03C01-9605-CC-00189 (Tenn. Crim. App. at Knoxville, Dec. 3, 1996).  In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing.  Warren, No. 01C01-0605-CC-00218 (citing Tenn. Code Ann. § 40-35-302(d); Palmer, 902 S.W.2d at 393-94; Gilboy, 857 S.W.2d at 888-89).

The State presented no proof at the sentencing hearing.  The appellant offered no substantive proof other than his employment on his family's farm.  Apparently, a presentence report was not completed in the instant case as there is no reference to such a report during the sentencing hearing and a presentence report is not included in the record on appeal.[5]  The trial court, in its findings, initially observed that it would be improper to consider the death of Fletus Carruth as an enhancement factor.[6]  In pronouncing sentence, the court concluded:

> [The appellant] has been convicted three times in the nineties for driving under the influence of an intoxicant. . . .[H]e has a prior conviction for driving on a revoked license.  Obviously this person is one who feels like the law does not apply to him.  He has enough experience evidently that he refused the blood alcohol test in this case.  Those are all things that this Court believes could be considered in deciding the proper punishment in this case.

The court then imposed a sentence of 11 months, 29 days at 75% and a $7500 fine.

---

[4]All persons convicted under Tenn. Code Ann. § 55-10-403(a) will be placed on probation for the difference between the time actually served and the maximum sentence.  Tenn. Code Ann. § 55-10-403(c) (1995 Supp.).

[5]We note that, in misdemeanor sentencing, unlike felony sentencing, a presentence report is optional, and not mandatory.  See Sentencing Commission Comments, Tenn. Code Ann. § 40-35-302; Tenn. Code Ann. § 40-35-205(a) (1990).

[6]The appellant argues that the trial court erroneously considered the death of Fletus Carruth as an enhancement factor.  The record fails to support the appellant's contention.  This claim is without merit.

The appellant presumes, based upon the trial court's recitation of findings, that the trial court applied the following enhancement factors, *i.e.*:

(1) that the appellant has been convicted three times of driving under the influence;
(2) that the appellant has a prior conviction for driving on a revoked license;
(3) that the appellant is of the opinion that he is above the law
(4) that the appellant is so experienced with DUI procedure that he refused the blood alcohol test.

Despite the appellant's argument, we cannot conclude that the trial court intended the recited findings to be applied as enhancement factors rather than circumstances of the offense. Thus, we cannot find that the trial court erred by considering these circumstances.

We agree with the trial court that the very nature of the appellant's recurring criminal behavior, which although not the proximate cause, did contribute by virtue of the appellant's presence upon the public highway, to loss of life. At the time of this offense, the appellant's driving privileges were revoked. Under these facts, we cannot disagree with the trial court's statement that "this person is one who feels like the law does not apply to him." In sum, we find these facts are appropriate for determining the appropriate percentage of incarceration. Again, within the context of DUI sentencing, the question is not the length of the sentence, but rather the appropriate period of suspension above the minimum period of required incarceration. The statutorily imposed sentence for a DUI conviction is 364 days; the trial court imposed an incarceration period of 270 days. For these reasons, we are unable to conclude that the appellant has met his burden of showing that the sentence imposed by the trial court is excessive. Upon *de novo* review, we affirm the period of incarceration ordered by the trial court.

8

## II. Forfeiture of John Deere Tractor

Next, the appellant argues that the trial court erred by ordering the confiscation of the John Deere tractor under the applicable 1995 provisions of Tenn. Code Ann. § 55-10-403(k).  In support of this contention, the appellant avers that: (1) Section 55-10-403(k) (1995 Supp.) is only applicable to "titled" vehicles, thereby excluding his John Deere tractor; (2)  he was not given notice, pursuant to Tenn. Code Ann. § 55-10-403(g), at the time of his prior convictions of the possibility of forfeiture upon subsequent DUI convictions; (3) the State acted in bad faith regarding the forfeiture; and (4) the appellant is entitled to reimbursement for costs of repair to the tractor subsequent to the accident.

> The challenged provision at issue in the present case reads in pertinent part:
>
> The judge hearing a third or subsequent violation of § 55-10-401, or the third or subsequent violation of any combination of violations of § 55-10-401 and driving while intoxicated violations committed in other states, shall declare the **vehicle** used in the commission of such offense to be contraband and subject to forfeiture **as provided in this subsection.**

Tenn. Code Ann. § 55-10-403(k)(1) (emphasis added).

We note that this is a case of first impression.  We have been unable to locate any appellate decision which construes the term "vehicle" within the context of the DUI forfeiture statute.[7]

---

[7]In this regard, we wish to emphasize that this decision may be both a case of first and last impression as the challenged statutory forfeiture provision has since been amended. Accordingly, the opinion of this court in the present case addresses only the challenged forfeiture provision effective at the time of the offense.  See  Tenn. Code Ann. § 55-10-403 (k) (1995 Supp). We acknowledge that the provision challenged in this appeal has since been entirely rewritten by our legislature, presumably to rectify the plethora of potential constitutional challenges arising from the plain language of the former forfeiture provision at issue in this appeal.  See Tenn. Code Ann. § 55-10-403(k) (1996 Supp.) (effective date January 1, 1997). Although the revised provision appears to render any future constitutional challenges to the statute moot, this court makes no effort to construe or interpret the amended provisions nor does this court make any attempt to formulate any opinion relating to the operation and validity of the amended statute.

## A. Forfeiture Limited to Titled Vehicles

Judicial construction of a forfeiture statute is appropriate where reasonable minds could differ with respect to the interpretation to be given the statute. 37 C.J.S. *Forfeitures* § 6(b) (1997). The appellant asks this court to construe the term "vehicle," as used in subdivision (k)(1) of the applicable 1995 provision, *infra* Appendix I, consistent with the remaining provisions of section 55-10-403(k) which refer solely to "titled" vehicles. After a thorough analysis of the challenged provision and the applicable rules of statutory construction, we agree that the forfeiture provision contained in the 1995 version of Tenn. Code Ann. § 55-10-403(k) is restricted to the forfeiture of those vehicles which can or must be titled in the State of Tennessee.

It is well-established in the United States, including the State of Tennessee, that "[f]orfeitures are not favored by the law." Redd v. Tennessee Dept. of Safety, 895 S.W.2d 332, 335 (Tenn. 1995); Hays v. Montague, 860 S.W.2d 403, 406 (Tenn. App.), perm. to appeal denied, (Tenn. 1993). Additionally, the public policy of this state, as expressed in the state constitution, opposes forfeitures for convictions of crimes unless specifically provided. Id. at 408 (citing Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975); Fields v. Met. Life Ins. Co., 147 Tenn. 464, 249 S.W. 798 (1923)). When a statute does provide for a forfeiture, the statute must be strictly construed. Redd, 895 S.W.2d at 335; Hays v. Montague, 860 S.W.2d at 406 (citing Williams v. City of Knoxville, 220 Tenn. 257, 416 S.W.2d 758 (1967); Biggs v. State, 207 Tenn. 603, 341 S.W.2d 737 (1960)).

For a statute to be construed as producing a forfeiture, the statute's language must clearly show an intent to do so. See 37 C.J.S. *Forfeitures* § 8(b). The general rule is that "since forfeitures are not favored . . . they will not be given effect to, *except by the express terms of a statute*, and where the facts which purport to require such action come clearly and plainly within the provisions of the law ."

Commonwealth v. Crosby, 568 A.2d 233, 237 (Pa. Super. 1990) (quoting 37 C.J.S. *Forfeitures*, § 5(a) (emphasis added)). Thus, a statue may not and cannot be construed to forfeit one's property, unless from the very terms of the statute itself, it is manifest that the legislature so intended; and statutes shall not be held to forfeit property except for the fault of the owner or his agents unless such a construction is unavoidable. See generally United States v. Harris, 177 U.S. 305, 309, 20 S.Ct. 609, 611 (1900); 36 AM. JUR. 2D *Forfeitures and Penalties* §8. In other words, the construing court may not interpret a statute imposing a forfeiture or penalty to include within its scope any act, person, or property not plainly or fairly intended to be included. Id.

In construing the meaning of "vehicle" in Tenn. Code Ann. § 55-10-403(k)(1) (1995 Supp.), the court must read the challenged term in the context of the statute in its entirety in order to give consistent and reasonable interpretation to the term. See Cohen v. Cohen, 937 S.W.2d 823, 827 (Tenn. 1996). The subparts to subdivision (k), expressly provide for the mandatory procedure to be utilized when pursuing a forfeiture under this section, *infra* Appendix I, including classification of interest holders in a vehicle, notice requirements and bond requirements pending a forfeiture proceeding. Tenn. Code Ann. §§ 55-10-403(k)(1) (A)-(E); 55-10-403(k)(2); 55-10-403(k)(7)(A)(i)-(iii) (1995 Supp.). These provisions ensure notice to all owners and possessors of "titled" vehicles, provide for an opportunity to respond, and set forth the burden of proof of each party at the hearing. See *infra* Appendix I. It is clear from the language of these subparts that only "titled" vehicles are encompassed within the mandated forfeiture procedures.

There is no procedure in the 1995 statute for the forfeiture of "untitled" vehicles. Specifically, the challenged provision does not afford notice to the

innocent third party interest holder in the seized property.[8]  If forfeiture of an

"untitled" vehicle, such as a farm tractor, is permitted, as suggested by the State,

the absentee farm owner, the innocent bailor or purchaser, or a party holding a

security interest in the property would be divested of their interest without notice or

opportunity to be heard.  We do not believe that the legislature intended such harsh

results.

Statutory authority empowering the State to seize and forfeit private property

inherently carries with it an obligation to insure that the power is not abused.[9]  Redd,

895 S.W.2d at 335.  Incidental to this obligation is the court's duty not to construe a

---

[8]Although not raised by either party and not at issue in the present appeal, we find it necessary for a complete understanding of our analysis to address the due process concerns corollary to the interpretation of the challenged provision.

Procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Tennessee Constitution prohibits the forfeiture of private property without notice of forfeiture reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. See United States v. James Daniel Good Real Property, 510 U.S. 43, 48,114 S.Ct. 492, 498 (1993) (citations omitted); Redd, 895 S.W.2d at 334-335 (citations omitted); see also Matthews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893 (1976); 37 C.J.S. Forfeitures § 20. Subject to few judicially carved exceptions, see, e.g., Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080 (1974), it is essential that before a forfeiture is imposed that the record reveal all interests in the vehicle at the time of the commission of the crime, including legal, equitable, and possessory interests to ensure fair play to the innocent third party, to protect his use and possession of property from arbitrary encroachment, and to minimize substantively unfair or mistaken deprivations of property. See James Daniel Good Real Property, 510 U.S. at 58, 114 S.Ct. at 500-501; Crosby, 568 A.2d at 241.

Tenn. Code Ann. § 55-10-403(k)(2)(1995 Supp.) directs the trial judge, after determining that the vehicle is subject to forfeiture, to notify the department of safety to determine the security or possessory interests existing in the vehicle. Based upon this information, the trial judge is then required to send notice by certified mail to any "other owners and/or lienholders of record." Id. (emphasis added).  This procedure explicitly encompasses the rights of innocent interest holders of "titled" vehicles. The provisions of the Tennessee Motor Vehicle Title and Registration Law requiring persons to register their automobiles with the state provides a means of identifying the owner of a motor vehicle if negligently operated to the damage of other persons and as a means of notifying "all the world" of all interest holders in the automobile. See State v. Booher, No. 01C01-9604-CC-00131 (Tenn. Crim. App. at Nashville, Aug. 22, 1997), reh'g denied, (Sept. 18, 1997).  However, not all "motor vehicles" are required to be registered or titled. As exemplified in the present case, a farm tractor is not required under current Tennessee law to be registered or titled. See Tenn. Code Ann. § 55-3-101(a)(3)(1993). The forfeiture provision at issue does not provide a method of assuring reasonable notice to all interest holders of an "untitled" vehicle. In fact, it is uncertain whether a party seeking forfeiture, or the trial court, as provided in subsection (k)(2), could ascertain the identity of all innocent but interested parties in the property even upon a diligent and time consuming inquiry. The impossibility of fulfilling, as to "untitled" vehicles, the notice requirements of the Fifth Amendment is further complicated by the foreclosing of any opportunity to subsequently attack the forfeiture after the statutory hearing. See Tenn. Code Ann. §§ 55-10-403(k)(3); 55-10-403(k)(10) (1995 Supp.).  In other words, the forfeiture is final as to any innocent third-party interest holders in the property regardless of whether they had received notice. Thus, an innocent third party interest holder in "untitled" property is prohibited from protecting his interest from forfeiture.

[9]See supra footnote 3 (discussion of due process rights of innocent third party interest holders in property).

12

statute as imposing a forfeiture when a statutory term is capable of two constructions. <u>See generally</u> 37 C.J.S. *Forfeitures* § 6. <u>See, e.g.</u>, <u>State v. Stagno</u>, 739 P.2d 198, 201 (Alaska App.), <u>reh'g denied</u>, (1987) (holding that statute authorizing forfeiture, following a DUI conviction, of motor vehicle of type for which a driver's license is required does not apply to an air boat operated on land). The power of the government to deprive a citizen of his property by forfeiture must rest on the plain language of the statutory provision, and cannot be found in any supposed inherent or common law judicial power. <u>Crosby</u>, 568 A.2d at 237 (citations omitted). Again, the challenged provision before this court does not provide for procedures to be followed regarding "untitled" vehicles. Under the maxim of statutory interpretation, *expressio unius est exclusio alterius*, *i.e.*, the expression of one thing is the exclusion of another, and rules of interpretation applicable to forfeiture and penalty provisions, <u>see</u> discussion *supra*, we are unable to expand the forfeiture provision of Tenn. Code Ann. § 55-10-403(k)(1995 Supp.) to include "untitled" vehicles, such as, in the case *sub judice*, a farm tractor. For these reasons, we hold that the applicable 1995 provisions of Tenn. Code Ann. § 55-10-403(k) expressly limit the forfeiture of vehicles used in the commission of a third or subsequent DUI to those vehicles which are "titled" within the State of Tennessee.[10]

## B. Remaining Issues Attacking the Validity of the Forfeiture

The appellant also contests the validity of the forfeiture of his John Deere tractor arguing that, since one of his prerequisite convictions occurred in 1990, prior to the enactment of the forfeiture provision, the provision operates *ex post facto* against him.[11] Following the same rationale, he contends that, at the time of his first

---

[10]Again, we emphasize that our holding as to the interpretation of the term "vehicle" is expressly limited to the term as used in the context of the 1995 DUI forfeiture provisions. We <u>do not</u> expand this interpretation to the 1996 revisions of the DUI forfeiture provision. <u>See</u> *supra* footnote 4.

[11]We do not dispute the validity of the appellant's *ex post facto* argument. However, even if the provision operates *ex post facto*, there is nothing in the law to prohibit an *ex post facto* forfeiture. Moreover, although in force on the date of the present offense, this provision has since

DUI conviction, he could not have been provided with notice of the possibility of subsequent forfeiture if convicted in the future of the same offense.[12] See Tenn. Code Ann. § 55-10-403(g)(1). Additionally, the appellant asserts that the "[f]orfeiture of [his] farm tractor in this case is entirely punitive," that he is entitled to compensation for the extensive repairs made to the tractor, and that the State initiated the forfeiture proceedings in bad faith. Because of our holding that a farm tractor, being an "untitled" vehicle, is not encompassed within the applicable 1995 forfeiture provisions, we find it unnecessary to address the appellant's remaining contentions.

**Conclusion**

After a review of the record, the applicable statutory provisions, and the law, we affirm the sentence imposed by the trial court. However, as we have concluded that the challenged 1995 provision of the DUI forfeiture statute does not encompass a farm tractor as a vehicle subject to seizure, the order of the trial court mandating the forfeiture of the appellant's John Deere tractor is reversed. Possession of the John Deere tractor is restored to the appellant. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, Judge

---

been amended, thereby rendering any future argument on this issue moot. See Tenn. Code Ann. § 55-10-403(k)(2) (1996 Supp.).

[12]The appellant also denies notice of the potential of future forfeiture at the time of his second conviction. Id. The record before us is void of any proof which supports the appellant's factual allegation that he was not provided notice of possible forfeiture upon his second DUI conviction. This burden rests with the appellant. Thus, this claim is without merit.

14

CONCUR:

_____

DAVID H. WELLES, Judge

_____

THOMAS T. WOODALL, Judge

# APPENDIX I

**Tenn. Code Ann. § 55-10-403(k) (1995 Supp.)** , provides in part:

(1) The judge hearing a third or subsequent violation of § 55-10-401, or the third or subsequent violation of any combination of violations of § 55-10-401 and driving while intoxicated violations committed in other states, shall declare the vehicle used in the commission of such offense to be contraband and subject to forfeiture as provided in this subsection.

>    (A) If the vehicle is titled in the name of the offender, who is the sole unencumbered owner, the vehicle shall be forfeited by the court if the owner committed the violation using the vehicle.

>    (B) If the vehicle is titled in the name of one(1) or more person(s) who is not the offender, and the vehicle is not rented or leased by a person or company regularly in the business of renting or leasing vehicles or driven by an employee of the owner, the vehicle, or an interest in the vehicle, shall be declared forfeited by the court if the owner or co-owner knew of and consented to the illegal or intended illegal use of such vehicle.

>    (C) If the vehicle is titled in the name of a person or company which is in the business of renting or leasing vehicles, the vehicle shall be forfeited if the renting or leasing agent knew of and consented to the illegal or intended illegal use.

>    (D) If the vehicle is a commercial vehicle or common carrier and the offender is an employee of the owner, the vehicle shall be forfeited if the employer knew of and consented to the illegal or intended illegal use. Such forfeiture does not apply to cargo or products, not otherwise subject to confiscation under any other laws of the state or federal government, transported by such vehicle. Such cargo or products shall, upon request, immediately be made available for release to the owner or the transporting agent.

>    (E) If the vehicle is titled in the name of a person whose interest is subject to forfeiture as provided in this subsection, but the vehicle is subject to a security interest acquired in good faith, the interest of the secured party shall be forfeited if the holder of the interest had knowledge of, at the time the interest attached, and consented to the illegal or intended illegal use of the vehicle.

15

(2) If the judge hearing a third or subsequent violation of § 55-10-401, or the third or subsequent violation of any combination of violations of § 55-10-401 and driving while intoxicated violations committed in other states, determines that a vehicle is subject to forfeiture pursuant to this subsection, such judge shall notify or cause to be notified the department of safety, motor vehicle division, to determine whether the person using the vehicle to commit such offense is the sole unencumbered owner of such vehicle. If such person is not the sole unencumbered owner of the vehicle, the court shall send a copy of a conditional order of forfeiture by certified mail to any other owners and/or lienholders of record. A copy of the conditional forfeiture order shall be open to the public for inspection.

(3) Any person or corporation claiming any vehicle forfeited pursuant to this subsection may, not later than thirty (30) days from the date of receipt of the conditional order of forfeiture, file with the court a claim in writing, requesting a hearing and stating such person's or corporation's interest in the vehicle. Failure to file such a claim within the time specified shall, without exception, constitute a waiver of such claim. An indigent person may file such person's claim in forma pauperis by filing with such person's claim an affidavit stating that such person is unable to bear the cost of the proceeding. The court shall conduct a hearing on the claim as soon as practicable after the time within which to file a claim has expired and shall notify the claimant of such date. . . .

(4) At each claim hearing authorized in this subsection, the state shall have the burden of proving by a preponderance of the evidence that the vehicle was used in a manner making it subject to forfeiture under the provisions of this subsection, and that the claimant either has committed the required number of offenses or the claimant's interest was subject to forfeiture as provided in subdivision (k)(1). Failure to carry the burden of proof shall operate as a bar to any forfeiture hearing hereunder.

(5) If the ruling of the court is favorable to the claimant, the court shall rescind the conditional order of forfeiture. If the ruling of the court is adverse to the claimant, the court shall proceed as to such vehicle in accordance with the provisions of this subsection.

(6) Whenever in any proceeding under this subsection a claim is filed for any vehicle conditionally forfeited as provided in this subsection, the court shall not allow the claim unless and until the claimant proves that such claimant has a legal interest in such vehicle as owner or otherwise, which such claimant acquired in good faith.

(7)(A) Pending any proceeding to forfeit a vehicle or the interest of any person in a vehicle, any owner, co-owner, or secured party may obtain immediate possession of the vehicle by submitting to the jurisdiction of the court and by posting a bond as established by the court. The court shall establish bond as follows:

> (i) If the person has an interest under subdivision (k)(1)(B), the NADA retail value of the vehicle;

> (ii) If the person has an interest under subdivision (k)(1)(C) or (k)(1)(D), one thousand dollars. . . or;

> (iii) If the person has an interest under subdivision (k)(1)(E), the NADA value of the vehicle less the value of the security interest. . . .

(B) Any owner, co-owner, or secured party which fails to produce the vehicle at the time of an order or final forfeiture, or to tender to the court the value of the interest which is forfeited, shall have the bond posted with the court forfeited in lieu of and in the same manner as such vehicle.

(8) At all hearings provided for by this subsection, the court shall cause a record of the evidence adduced at such hearing to be taken and maintained. . . .

(9) The action of the court is subject to review in the same manner as is provided by law or rule for appeals from other determinations of the court conducting the hearing. . . .

(10) If no claim is interposed, the court shall enter a final order of forfeiture, such vehicle shall be forfeited without further proceedings and the same shall be seized by the sheriff . . . and sold as provided herein. The above procedure is the sole remedy of any claimant and no court shall have jurisdiction to interfere therewith by replevin, injunction, supersedeas or in any other manner.

(11)  If the court's order of forfeiture is affirmed on appeal . . . the vehicle shall be seized . . . and sold . . . .

(12)  . . .The proceeds from the sale of such vehicle shall be allocated . . . .

(13)  No vehicle shall be forfeited, sold, or otherwise disposed of until the person is convicted of the required number of offenses for which forfeiture of such vehicle is authorized.

(14) . . . if the ruling of the court is favorable to the claimant, the court shall deliver to the claimant the vehicle so seized. . . .

17